[No. 1916]

## THE STATE OF NEVADA, RESPONDENT, *v.* M. J. SMITH, APPELLANT.

1. BAIL—CRIMINAL LAW—CRIMINAL PROSECUTION—DISCRETION OF TRIAL COURT.

    The criminal practice act, secs. 479, 500 (Comp. Laws, 4444, 4465), provide that no appeal from a conviction, unless it be of fine only, shall operate as a stay, but that after appeal a defendant who has been convicted may be admitted to bail in the discretion of the court. The defendant was convicted of larceny, and refused bail on application to the trial court. *Held,* that as the discretion of the trial judge is not to be disturbed, except for clear abuse, the defendant would not be admitted to bail by the supreme court, especially where the case would shortly be heard on its merits.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers,* Judge.

M. J. Smith was convicted of larceny, and appeals. On motion in the Supreme Court to be admitted to bail. **Motion denied.**

The facts sufficiently appear in the opinion.

*Thompson, Morehouse & Thompson,* and *Robt. L. Hubbard,* for Petitioner.

*R. C. Stoddard,* Attorney-General, and *Augustus Tilden,* District Attorney, for the State.

*Per Curiam:*

This is an application for the release of the defendant and appellant on bail pending his appeal.

The appellant was jointly indicted with three others for the crime of grand larceny, for having, on the 30th day of January, 1910, at Goldfield, in the county of Esmeralda, stolen a quantity of gold amalgam of the value of $400 from the Goldfield Consolidated Milling and Transportation Company, a corporation. Upon a separate trial, appellant was convicted, and was thereafter sentenced to be confined in the state prison for the term of three years. From the judgment of conviction, and from an

order denying defendant's motion for a new trial, an appeal was taken to this court. Upon the appeal being taken, application was made to the trial court for an order releasing the defendant on bail pending the appeal. The application was denied. Upon the record upon appeal being filed, a similar application was made to this court for the release of the defendant. The application was first heard and submitted upon notice to the attorney-general. Upon consideration of the application and the statutes controlling, we became convinced that notice to the district attorney of the county in which the offense was committed was a necessary prerequisite. Upon notice given to the district attorney of Esmeralda County, that official appeared and opposed the application.

This appears to be the first time this court has been called upon to rule upon the question of the granting of bail pending an appeal. The sections of the statutes, which are controlling in the determination of the question presented, are the following: Sections 479 and 500 of the criminal practice act (Comp. Laws, 4444, 4465), which read:

"SEC. 479. No appeal from a judgment of conviction, unless it be one imposing a fine only, shall stay the execution of the judgment, but the defendant, if in custody, shall remain in custody to abide the judgment upon the appeal, unless admitted to bail, as prescribed in section 502."

"SEC. 500. After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail:

"First—As a matter of right, where the appeal is from a judgment imposing a fine only.

"Second—As a matter of discretion in all other cases."

Upon the hearing of the application, the district attorney of Esmeralda County relied upon the case of *Ex Parte Smith*, 89 Cal. 79, 26 Pac. 638, and authorities therein cited, as enunciating a rule which should be controlling in this case, and under which rule the appellant would not be entitled to bail. These cases cited, and all sub-

sequent decisions by the Supreme Court of California, bearing on the question, are based upon the penal code of California of 1872, section 1243 of which reads: "An appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases, upon filing with the clerk of the court in which the conviction was had, a certificate of the judge of such court, or of a justice of the supreme court, that, in his opinion, there is probable cause for the appeal, but not otherwise."

Prior to the code of 1872, California had a statute precisely like the one now existing in this state, and from which ours was doubtless copied. (Act of May 1, 1851, Comp. Laws Cal. 1850–1853, pp. 485, 487.) Since the adoption of the California code of 1872, execution of the judgment in a criminal case may be stayed upon the filing of a certificate of probable cause, as provided for in the statute. Prior to the adoption of such code, under the statute of 1851, *supra*, a judgment of imprisonment could only be stayed by an order admitting the defendant to bail. Under the earlier act a much more liberal rule prevailed in the matter of admission to bail pending appeal than was held to be proper after the modification made in the statute by the code of 1872. (*Ex Parte Hoge*, 48 Cal. 3; *Ex Parte Marks*, 49 Cal. 681.)

The cases relied upon by the district attorney cannot be regarded as setting forth a proper rule for determining the question of bail under our statute, as they are based on very different statutory provisions. The Hoge case, *supra*, was decided in 1871, shortly before the change in the statute, and appears to be the only case in the supreme court of that state based upon the old statute. The question of bail was uniformly disposed of by the trial courts, which followed a liberal rule, because of the fact it was the only way a stay of execution could be obtained. (*Ex Parte Marks, supra.*)

In *People* v. *Perdue*, 48 Cal. 552, the supreme court refused to pass upon the question of bail until it had first been disposed of on its merits by the trial court, "as

the facts and circumstances going to make up the legal discretion in the sound exercise of which the prisoner may be admitted to bail are necessarily within the knowledge of the judge who presided at the trial."

In this case application was made to the trial court, and denied. We have not the benefit of the reasons which prompted the denial of the application. The discretion reposed in and exercised by a trial judge is not to be disturbed, except for clear abuse thereof. It may be, as contended by counsel for appellant, that this was a proper case for the favorable exercise of the discretion of the trial court, and it may be that the court was misled by the later California authorities; but in view of the fact that there has been no definite settled rule of practice in this state in matters of bail pending appeal, and in view of the further fact that the case must shortly be determined on its merits, we do not now feel warranted in disturbing the order of the lower court.

The application for bail is denied.