[No. 2291]

# THE STATE OF NEVADA, RESPONDENT, *v.* GEORGE B. McFARLIN, PETITIONER.

[167 Pac. 1011]

1. BAIL—AFTER CONVICTION—CHANGE OF RULE.

Const. art. 1, sec. 7, providing that "all persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident, or the presumption great," was only designed to alter the common-law rule as to criminal cases before conviction, leaving the matter of bail after conviction discretionary.

2. BAIL—AFTER CONVICTION—PROBABLE CAUSE.

Under Rev. Laws, 7294, providing that an appeal from a conviction shall stay the execution upon filing with the clerk of the court, in which the conviction shall have been had, a certificate of the judge of such court, or a justice of the supreme court, that there is probable cause for the appeal, and section 7314, providing that, after conviction of an offense not punishable with death, a defendant on appeal may be admitted to bail (1) as a matter of right, where the appeal is from a judgment imposing a fine, and (2) as a matter of discretion in all other cases, the element of probable cause for the appeal from a conviction and judgment of imprisonment is essential, and over which judicial discretion may be exercised on the question of bail.

3. BAIL—AFTER CONVICTION—STATUTE.

Rev. Laws, 7294, is in the nature of a *supersedeas*, whereby the execution of the judgment of conviction is stayed pending appeal, and standing alone, has nothing to do with the question of admission to bail, which is governed by section 7314.

4. BAIL—AFTER CONVICTION—PROCEEDINGS.

Under Rev. Laws, 7294, 7314, where petitioner's appeal from a conviction for embezzlement sentencing him to imprisonment was properly taken in good faith, and it appears that newly discovered evidence, which was not available at or during the trial, is now available, and is of such a nature as might reasonably be expected to raise a reasonable doubt of guilt, petitioner will be admitted to bail by the supreme court.

PETITION for certificate of probable cause.

George B. McFarlin was convicted of embezzlement, and, pending his appeal, petitions for a certificate of probable cause, and to be admitted to bail. Heard at chambers by the Chief Justice, and petitioner admitted to bail.

*James M. Frame* and *Howard Browne,* for Petitioner.

*George J. Kenney,* District Attorney of Churchill County,

*Geo. B. Thatcher*, Attorney-General, and *E. T. Patrick*, Deputy Attorney-General, for Respondent.

. MCCARRAN, C. J. (in chambers) :

Petitioner was convicted of the crime of embezzlement by a jury in the Eighth judicial district court, and thereafter made his motion in that court for a new trial upon the several statutory grounds, including that of newly discovered evidence. The trial court overruled the latter motion, and pronounced judgment and imposed sentence on petitioner, fixing the penalty at imprisonment in the state penitentiary for a period of one to fourteen years. The defendant's notice of appeal to the supreme court was duly filed within time as prescribed by our criminal practice act. The petition here recites the essential facts, and further presents that the record has already been transcribed, and that defendant will proceed with all expedition to make his bill of exceptions and have the same settled and signed. Petitioner prays for a certificate of probable cause, and my attention was directed to the statute in this respect.

Section 7294, Revised Laws 1912, the same being section 444 of our criminal practice act, is as follows:

"An appeal to the supreme court from a judgment of conviction shall stay the execution of the judgment upon filing with the clerk of the court in which the conviction shall have been had a certificate of the judge of such court, or of a justice of the supreme court, that in his opinion there is probable cause for the appeal, but not otherwise."

In the case of *State* v. *Murphy*, 23 Nev. 391, 48 Pac. 628, this court held that the appeal from a judgment of imprisonment does not operate as a stay of execution, and the defendant, if in custody, must so continue, unless admitted to bail.

Section 7314, Revised Laws (section 464, Criminal Practice Act), is as follows:

"After conviction of an offense not punishable with death, a defendant who has appealed may be admitted

to bail: (1) As a matter of right, where the appeal is from a judgment imposing a fine only; (2) as a matter of discretion in all other cases."

Section 7326, Revised Laws (section 476, Criminal Practice Act), is as follows:

"In the cases in which the defendant may be admitted to bail, upon an appeal, the order admitting him to bail may be made by the court or judge who tried the case or by the court to which the appeal is taken or the judge or a justice thereof."

I find that on a number of occasions the California courts and the judges thereof have considered and determined this question, and in some instances their opinions meet with my view as to the proper application of the statute; the code there being the same as ours. (Kerr's Cyc. Codes, Penal Code, 1272.) In the case of *Ex Parte Voll*, 41 Cal. 29, the supreme court considered the matter at length under proceedings in *habeas corpus*. Petitioner there urged the contention that the provision of the constitution (art. 1, sec. 7) intended that bail should be granted as a matter of right, even after conviction. It will be interesting to note here that the provision of the constitution of California in this respect is identical with that found in our constitution (art. 1, sec. 7) as follows:

"All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident, or the presumption great."

1. It was asserted by the court there, and we think correctly, that the clause of the constitution cited is only designated to alter the rule of common law as to certain criminal cases before conviction, and that the matter of bail after conviction is still left discretionary, as it was at common law, with the modifications wrought by the statutes of the state. The court said:

"We are of the opinion that the constitution, in declaring bail to be a matter of right, contemplated only those cases in which the guilt of the party had not been already judicially ascertained; cases in which the

prisoner as yet stood upon his plea of not guilty, supported with all the presumptions of innocence with which the law delights to surround him. But when his trial has been had, and his plea proven false, the law will not stultify itself by presuming him other than that it has itself adjudged him to be. If the constitution, indeed, intended to introduce the rule of absolute right to bail, as well after as before conviction of such felonies, it would result that no convict could be punished for his ascertained crime if he had either wealth or friends; for no mere pecuniary considerations could weigh against the alternative of a degrading imprisonment, at hard labor, for a crime involving moral turpitude. It would operate in practice as a mere money commutation for the infamous corporeal punishment which the law has denounced against the perpetration of crime."

In this decision we find the announcement of the principle so oft referred to by courts and judges, to the effect that under statutes such as ours admission to bail after conviction is a matter of sound judicial discretion, and that, too, only when the showing made presents something unusual or extraordinary from which or out of which it may appear: First, that the appeal is taken in good faith, and is perfected according to the statutory rule; and, second, that there is some element or condition, properly questionable by the court of review, from which, or out of which, the conviction theretofore had may be set aside, or that matters intervening between the conviction and the application justify the exercise of discretion in favor of bail.

In the case of *Ex Parte Hoge,* 48 Cal. 3, it appears that petitioner had been convicted in a municipal criminal court of the crime of assault made with a deadly weapon with the intent to do bodily injury. The punishment provided by the California statute for the offense was fine or imprisonment, or both. The municipal court had imposed sentence of imprisonment in the state prison for the term of eighteen months, and from the judgment petitioner had appealed to the supreme court.

After taking his appeal, petitioner had appealed to the judge of the municipal court to be admitted to bail pending appeal, and his application had been refused. In that case Mr. Justice Wallace held that it was within the discretion of the court to impose a fine or to adjudge the imprisonment. He says:

"Either would have satisfied the statute which the prisoner had broken. Had the fine alone been imposed, the positive rule of the statute would have permitted him to go upon bail pending an appeal. * * * Yet his offense is the same, whether he be fined or be imprisoned. In case the mere fine had been imposed, the statute itself set him at liberty pending an appeal. Now that the imprisonment, however, has been adjudged, the statute leaves it to my discretion to admit him to bail or not, as justice may seem to require."

Referring to his decision in the case of *Ex Parte Voll,* *supra,* the learned justice continued:

"If my discretion is to be interpreted by the rule of the statute in the other case, and I think it ought, I am unable to see why the prisoner prosecuting an appeal should absolutely go at large in the meantime in the one case, and absolutely go to the state prison in the meantime in the other."

2. The conclusion reached in that case was that a refusal to admit to bail would be a misapplication of the discretion conferred by the statute. It must be noted that in the case of *Ex Parte Hoge, supra,* nothing, so far as the reported decision discloses, appears bearing upon the phase of probable cause. I make special comment on the absence of this element as disclosed by this case, because in my judgment the element of probable cause is one of the very things on account of which the court may exercise its discretion. If nothing appears from the application of the party convicted from which it may be reasonably inferred that there is a probable cause for the appeal, one of the essential elements, if, indeed, not the most essential element of the application, is wanting. It is this very thing that calls for the

exercise of judicial inquiry, and sets in motion, so to speak, the process through which judicial discretion may be exercised on the question of bail.

The case of *Ex Parte Marks,* 49 Cal. 680, was an application made by one convicted of embezzlement and adjudged by a municipal criminal court to suffer imprisonment in the state prison for a term of seven years. Mr. Justice Wallace, then chief justice of the Supreme Court of California, after referring to the section of the statute of that state identical to our section 7314, Revised Laws, referred again to his opinion in the case of *Ex Parte Hoge, supra,* and after a somewhat extended discussion of the principles involved, and of the statute applicable, concluded that bail upon appeal should not be allowed except by a judge authorized to grant a certificate, and then only in a case where circumstances of an extraordinary nature had intervened. In arriving at the conclusion in this case, it is evident that the justice took into consideration a change in the penal code of California prescribing as follows:

"An appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases, upon filing with the clerk of the court in which the conviction was had, a certificate of the judge of such court, or of a justice of the supreme court, that, in his opinion, there is probable cause for the appeal, but not otherwise." (Section 1243.)

It will be noted that this is identical to our section 7294, Revised Laws. It will be noted that in the last-mentioned case the rule was asserted that the discretion in cases in which applications of this character are to be determined is not an arbitrary discretion, but one measured by legal rules and by references to the analogies of the law. To the same effect we find the case of *Ex Parte Smallman et al.,* 54 Cal. 35, where Mr. Chief Justice Wallace again passed upon the question.

In the case of *Ex Parte Brown et al.,* 68 Cal. 176, 8

Pac. 829, the supreme court in bank referred approvingly to the cases of *Ex Parte Voll, Ex Parte Marks,* and *Ex Parte Smallman,* and held that under the authority of these cases the court ought not to admit to bail after a verdict of guilty unless when circumstances of extraordinary character had intervened since conviction. To the same effect are the cases of *Ex Parte Smith,* 89 Cal. 79, 26 Pac. 638, and *Ex Parte Turner,* 112 Cal. 627, 45 Pac. 571.

I am at a loss to know how the language of the court in that case can be taken literally. If, indeed, the rule were to be taken as there asserted, that bail should not be allowed "unless when circumstances of extraordinary character had intervened since conviction," then the question of "probable cause for appeal" as asserted in the statute would be entirely eliminated, or at least would be limited to causes for appeal which might have intervened since conviction. This in my judgment cannot be the intendment of our statute. One of the reasons for a statute such as this, and indeed the primary object, is to afford opportunity to the party convicted of a bailable offense to have his case reviewed by an appellate tribunal before the sentence imposed shall go into execution. Hence the law declares that it is only when probable cause for the appeal is made to appear from matters presented to the court that stay of execution is permitted. This question of probable cause for appeal must necessarily involve, not only matters intervening since conviction, or existing independently, but also matters pertaining to the trial which in the opinion of the court or judge to whom the petition is presented impress the appeal with the force of merit and good faith.

3, 4. As I view the several sections of our statute, section 7294, Revised Laws, is in the nature of a *supersedeas,* whereby the execution of the judgment of the trial court is stayed pending the appeal, when appeal is properly taken. (*State* v. *Murphy, supra.*) The statute,

standing alone, has nothing to do with the question of admitting to bail. If the appellant petitions for a stay, and also petitions to be admitted to bail, his petition for the latter must come under section 7314, Revised Laws, in which case the statute makes the matter of admitting to bail one of right "where the appeal is from a judgment imposing a fine only," and one of discretion "in all other cases."

As I have already stated, the discretion to be exercised is not arbitrary. Reason for the exercise of discretion in favor of bail may find basis in flagrant or manifest misconduct in trial; in palpable errors, made apparent, from which, or by reason of which, conviction resulted; or where, as in the case at bar, it is made to appear that newly discovered admissible evidence, such as was not available to the appellant petitioner at or during the trial, is now available, and is of such a nature as might reasonably be expected to raise a reasonable doubt of guilt. Then, again, there may be the intervening matters arising from the health or physical condition of the appellant petitioner. These are some of the elements which, when properly presented, may induce the court or judge to whom the petition is addressed to exercise discretion in favor of admitting to bail. But with any and all of these there must appear an appeal actually and properly taken, the good faith of the appellant, and the probable cause or probable merit in the appeal, together with the phases of which I have already made mention. The court or judge to whom the petition of this character is addressed may properly take into consideration the length of time during which the applicant has resided in the community, and the probability of his surrendering himself for the execution of the sentence, should the judgment eventually be affirmed by the appellate court. All of these things may properly be taken into consideration in the exercise of discretion in admitting to bail after conviction.

The petition here presented what to my mind appeared

to be an appeal prosecuted in good faith. The act of the trial court in refusing a new trial, where the application for such was based upon newly discovered evidence, is such as, to my mind, impresses the appeal of petitioner with sufficient merit to warrant exercise of discretion in admitting him to bail.

It is ordered that petitioner be admitted to bail.