CHARLES DOMINIC POLITO, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 3828

October 29, 1954.                    275 P.2d 884.

*Gladys Towles Root,* of Los Angeles, California; and *Ralli, Rudiak & Horsey,* of Las Vegas, for Appellant.

*W. T. Mathews,* Attorney General; *Roger D. Foley,* District Attorney, Clark County; *Gordon L. Hawkins,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is on petition of appellant for order of this court admitting him to bail pending his appeal from conviction of the crime of lewdness. By the provisions of sec. 11124, N.C.L.1929, such order may be made "by the court or judge who tried the case or by the court to which the appeal is taken or the judge or a justice thereof."

Under such provisions it is the generally recognized rule that the appellate court will not act in the first instance except in the case of absence or disqualification of the trial judge or his inability or refusal to act. People v. Perdue, 48 Cal. 552; Sioux Falls v. Marshall, 48 S.D. 378, 204 N.W. 999, 45 A.L.R. 447; Hicks v. State, 179 Tenn. 601, 168 S.W.2d 781; See: State v. Smith, 33 Nev. 435, 111 P. 929; 6 Am.Jur. (Rev.Ed.) 81, Bail and Recognizance, sec. 44.

On July 12, 1954 application was made to the trial judge, Hon. A. S. Henderson of the Eighth judicial district court, for a certificate of probable cause for appeal and for an order admitting appellant to bail. The application in both respects was denied. On August 20, 1954 Justice MERRILL of this court issued a certificate of probable cause for appeal pursuant to sec. 11092 N.C.L. 1929 and the opinion of Chief Justice SANDERS of this court in State v. Neven, 45 Nev. 154, 199 P. 83. Execution of the sentence of imprisonment in the state prison was thereby stayed, appellant remaining in the custody of the Clark County officers. This petition was then filed, and is opposed by the state.

Section 11112, N.C.L.1929, provides that, save when the appeal is from judgment imposing a fine only, admission to bail pending appeal is a matter of discretion. An exercise of discretion by the trial judge in denying bail will not be disturbed by the appellate court save for clear abuse thereof. State v. Smith, supra; Sioux Falls v. Marshall, supra.

The petition in this matter asserts that this appeal is taken in good faith and with expectation of reversal and indicates the basis for such expectation. It cannot be said, however, to have demonstrated abuse of discretion on the part of the trial judge, nor, indeed, is such abuse of discretion asserted.

Petition denied.