IN THE MATTER OF CURTIS AUSTIN, PETITIONER.

No. 6300

November 25, 1970                    477 P.2d 873

*Harry E. Claiborne*, of Las Vegas, for Petitioner.

*William P. Beko,* District Attorney, Nye County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

Petitioner Curtis Austin (defendant below) was convicted in the Fifth Judicial District Court by a jury of illegal possession of heroin, a felony, and sentenced to a term of six years in the penitentiary.

He immediately filed notice of appeal and made application to the court below for bail pending appeal. That request was denied by written order which is a part of the record before us.

Thereafter, petitioner sought an order from this court admitting him to bail pursuant to the terms of NRS 178.488(1) and (3).[1] Petitioner filed points and authorities with his application. This court entered an order requiring the District Attorney of Nye County to file answering points and authorities, petitioner to file responding points and authorities, after which the matter would be submitted to this court for its decision and opinion.

Statutes governing admission to bail following conviction and pending appeal were amended in 1967. Prior to the amendment, granting of bail in those circumstances was discretionary in those cases where punishment other than a fine was imposed. State v. Smith, 33 Nev. 435, 111 P. 929 (1910). Polito v. State, 70 Nev. 525, 275 P.2d 884 (1954). And even then a convicted defendant could be admitted to bail only if a certificate of probable cause for the appeal was filed.

In 1967, the legislature revised the statutes relating to bail pending appeal to conform substantially to Federal Rules of Criminal Procedure 46(a)(2) as amended in 1956. Under the 1967 amendment,[2] (NRS 178.488) bail may be allowed pending appeal unless it appears that the appeal is frivolous or

---

[1] NRS 178.488(1) and (3) read as follows:

"1. Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay.

. . .

"3. Pending appeal or certiorari to the supreme court, bail may be allowed by the district court or by any judge thereof or by the supreme court or by a justice thereof."

[2] Stats. of Nev. 1967, Ch. 523, p. 1452.

taken for delay. The 1967 amendment[3] (NRS 177.145) also required: "If application is made to a district court or to a justice of the supreme court for bail pending appeal or for an extension of time for filing the record on appeal or for any other relief which might have been granted by the trial court, the application shall be upon notice and shall show that:

"1. Application to the court below or a judge thereof is not practicable; or

"2. Application has been made and denied, with the reasons given for the denial; or

"3. The action on the application did not afford the relief to which the applicant considers himself to be entitled."

The record shows that Judge Kenneth Mann considered petitioner's application to the lower court for bail pending appeal with full knowledge of and reliance on the 1967 amendments. In his order denying bail he concluded that petitioner's application was not frivolous nor taken solely for purposes of delay. He also found petitioner was at all times amenable to the orders of the trial court and appeared punctually for all preliminary matters, motions and trial proceedings while admitted to bail pending trial. Though petitioner's application for bail following conviction and pending appeal was not opposed by the District Attorney, Judge Mann denied it upon the court's assessment of petitioner's character. Six points were relied upon by Judge Mann in denying bail. They were (1) evidence at the trial petitioner had engaged in traffic in heroin between Nevada and Oregon; (2) that petitioner engaged extensively in handling of heroin in the Henderson area and in traffic in heroin between Nevada and Arizona; (3) evidence at the preliminary hearing that petitioner had sold other heroin to one Jesse Martin; (4) that petitioner was armed when arrested and often carried a gun; (5) that threats were made on the life of a state witness though not directly connected to petitioner; and (6) that while petitioner was out on bail in the present charge he was arrested in Arizona on a possession of narcotics charge though not convicted of it. He also denied petitioner's application for a certificate of probable cause as not being required under the current statutory directives.

Petitioner argues that we should interpret the 1967 amendment as liberalizing the right to bail following conviction and pending appeal as was done by the United States Supreme Court in Ward v. United States, 76 S.Ct. 1063. (1956), and Leigh v. United States, 82 S.Ct. 994 (1962), in interpreting

---

[3]Stats. of Nev. 1967, Ch. 523, p. 1445.

the amendment in 1956 of Fed.Rules Crim.Proc. 46(a)(2). *Leigh* held that: "It is to be denied only in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release." *Id.* at 996. He also contends that his application should not be subjected to appellate review of the lower court's order but that this court or a justice thereof should make an independent examination of the case as was done in *Leigh* and forthwith enter an order granting or denying bail.

Respondent, on the other hand, contends that granting of bail following conviction and pending appeal is still a discretionary matter and that this court has the obligation and right of review of the lower court's order to determine if that discretion was abused.

1.   There is little question that there is no constitutional right to bail following conviction and pending appeal, either before or after the 1967 amendment to the Nevada Statutes, Polito v. State, 70 Nev. 525, 275 P.2d 884 (1954); State v. McFarlin, 41 Nev. 105, 167 P. 1011 (1917); nor under the revision of Fed.Rules Crim.Proc. 46 (a)(2) in 1956. Carbo v. United States, 82 S.Ct. 662 (1962).

2.   We are therefore at liberty to follow the construction placed upon Fed.Rules Crim.Proc. 46(a)(2) by the United States Supreme Court in *Carbo* and *Leigh* or interpret the 1967 amended statutes in a manner we deem reasonable and in line with earlier Nevada decisions.

3.   The criteria to guide the trial judge in passing upon bail following conviction were set forth in Leigh v. United States, supra, at 996, where it was held: "It is to be denied only in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release." In Weaver v. United States, 405 F.2d 353, at 354 (CADC 1968), it was held: "If [the judge] views appellant's release as posing a risk of danger or flight, he should point to those factors *in the record* which foreshadow such a possibility." (Emphasis added.)

4.   Judge Mann in stating his reasons for denying bail, assessed the petitioner's character and concluded that the community would be threatened if he was released. If there is substantial relevant and competent evidence in the record to

sustain the factors leading to that conclusion, this court should likewise refuse bail. In State v. Teeter, 65 Nev. 584 at 609, 200 P.2d 657 (1948), this court ruled that: "This basis of fact upon which the right, or the absence of the right, to bail depends, should, of course, be determined, as any other important fact is determined, by sound evidential principles or rules, which means upon competent evidence complying with such rules of evidence as have general judicial sanction." In Ex parte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965), this court described the type of evidence which could be relied upon by a judge in passing upon the bail question. In Ex parte Wheeler, supra, at 500 it was held, "Once that determination is made [sufficient evidence has been presented to show that a capital offense has been committed by the defendant], other information unrelated to the guilt of the accused, but relevant to the main purpose of bail—to encourage the accused's presence before the court when needed and particularly at trial—may be received to aid the court in finally resolving the matter. We say 'information,' (not proof, for it is not possible to prove whether the defendant will appear at a future time), and have in mind such matters as the prior criminal record of the accused, if any, attempted escapes from confinement, community associations, and employment opportunities, which may bear upon the probability of his presence before the court when needed."

5. When presented with an application of this type, neither the court nor any of its justices should conduct a separate fact-finding proceeding. Seldom will the trial transcript or record be available to the court or its members to aid in passing on such a bail application here. Accordingly, we must make our independent judgment on a review of the reasons relied upon by the lower court. Reasons (1), (2), (3), and (4) recited above are apparent in the record and are adequate to sustain his ruling, so we need not consider the legal correctness of reasons (5) and (6) recited by him.

6. We agree that no longer need a post-conviction bail applicant apply to the district court or judge for a certificate of probable cause.

Application denied and the ruling of the lower court affirmed.

MOWBRAY and BATJER, JJ., concur.

ZENOFF, J., and THOMPSON, J., concurring in part; dissenting in part:

We concur generally with the majority opinion except as to the evaluation of the reasons relied upon by the trial judge for denying bail. As to those we dissent and would grant bail pending appeal.