WILLIAM CHARLES LANE, Jr., Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14186

October 29, 1982                    652 P.2d 1174

*William N. Dunseath,* Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant has filed a motion for bail pending appeal which respondent has opposed. Appellant was convicted of one count of embezzlement, NRS 205.300, and sentenced to five years in the Nevada State Prison on April 2, 1982. He filed a timely notice of appeal from the judgment. On June 17, 1982, appellant moved the district court for an order granting bail pending appeal. The court denied the motion, and on July 20, 1982, appellant filed the instant motion in this court pursuant to NRS 178.488(3).

Because we were unable to determine the factual basis for the district court's denial of bail, we remanded the matter to the district court on August 16, 1982, for the entry of a new order setting forth the court's legal reasons for denying bail and the factors in support thereof, including references to relevant portions of the record. *See* In re Austin, 86 Nev. 798, 477 P.2d 873 (1970). Under the *Austin* rule a district court must set forth its reasons for denying bail in order to enable this court to resolve a subsequent motion for bail pending appeal. In such a case we do not conduct a separate fact-finding proceeding, but ". . . make our independent judgment on a review of the reasons relied upon by the lower court." 86 Nev. at 802.

On August 23, 1982, the district court filed its order indicating that bail was denied solely because, in the court's opinion, the appeal was frivolous. The order made no reference to any risk that appellant would flee the state if granted bail, or to any risk of danger to the community should appellant be released.

Bail pending appeal may be denied if an appellant's release poses a risk of flight or danger to the community, In re Austin,

*supra,* or if the appeal appears frivolous or taken for delay, NRS 178.488(1). From a preliminary examination of the record before us on appeal, we have determined that there are issues of arguable merit and the appeal is not frivolous.[1] Since the district court thought the appeal frivolous, we are unable to determine whether its order's silence as to the factors of risk of danger or flight indicate their absence. We conclude that bail should not be granted or denied until a hearing is held, at which the district court shall conduct an inquiry into whether these two factors are present and preclude a granting of bail.

Accordingly, this case is hereby remanded to the Second Judicial District Court, Washoe County, Honorable James J. Guinan, District Judge, forthwith, for the limited purpose of conducting a hearing at which the court shall inquire into whether bail pending appeal should be denied because of a risk of flight or a danger to the community. Should the district court deny bail, its denial shall be limited to these two factors, and its order shall set forth the facts in support of its decision, including references to relevant portions of the record. The hearing and decision shall be expedited, and the record on appeal shall be returned to this court no later than forty-five (45) days from the date of this order.

---

[1]Although a district court may make a determination that an appeal is frivolous in ruling on a motion for bail pending appeal, *see* NRS 178.488(1); In re Podesto, 544 P.2d 1297 (Cal. 1976), it should exercise due caution when denying bail solely on this ground. The determination of frivolousness approaches the province of appellate review, and is ultimately a question for decision by this court. *Cf.* Sanchez v. State, 85 Nev. 95, 98, 450 P.2d 793, 795 (1969) (only supreme court can determine whether an indigent's appeal is frivolous in order to decide whether to dismiss or appoint counsel).