*871
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from a judgment of conviction, upon a jury verdict, of first-degree murder. Appellant Peter Matthew Bergna has filed a motion for bail pending appeal in this court pursuant to NRS 178.488. The State opposes the motion. In resolving this motion, we address as a matter of first impression the State’s contention that a defendant convicted of first-degree murder is statutorily precluded from receiving bail pending appeal under any circumstances. We have also revisited this court’s decisional law defining standards and procedures applicable to motions for bail pending appeal. Although we reject the State’s contention, we nonetheless conclude that bail pending appeal is not warranted under the revised standards we adopt today.
 

 Appellant Bergna was tried twice before a jury. After the first trial, the jury was unable to agree on a verdict, and the district court declared a mistrial. Bergna was released from custody on bail under certain specified conditions prior to his second trial. Following the second trial, the jury found Bergna guilty of first-degree murder. He was sentenced to serve a term of life in die Nevada State Prison with the possibility of parole. After perfecting an appeal to this court, Bergna filed a motion in the district court seeking bail pending appeal. The State opposed the motion, and the district court conducted
 
 *872
 
 a lengthy hearing, where counsel for Bergna and the State presented extensive argument. Following the hearing, the district court entered a written order stating simply:
 

 The Court has read and considered the legal memoranda and exhibits submitted in support of and in opposition to Defendant’s
 
 Motion for Bail Pending Appeal,
 
 and considered the arguments presented by both parties at the hearing held on this matter ....
 

 Accordingly, the motion is DENIED.
 

 Thereafter, Bergna filed the instant motion for bail pending appeal with this court. As noted, the State opposes the motion.
 

 As a threshold matter, we first address the State’s contention that, under this state’s statutory scheme, Nevada courts are ‘ ‘without jurisdiction to grant bail as a matter of law once proof is evident and presumption [is] great that [a defendant] has committed murder of the first degree.”
 

 As this court stated in
 
 In re Austin,
 
 “There is little question that there is no constitutional right to bail following conviction and pending appeal . . . The State argues that a defendant convicted of first-degree murder is not only without any constitutional entitlement to bail pending appeal, but is statutorily precluded from receiving bail under any circumstances. The State’s contention is primarily premised upon its interpretation of NRS 178.484(4), which provides that, prior to trial, a person charged with first-degree murder may be released on bail:
 

 unless the proof is evident and the presumption great by any competent court or magistrate authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense.
 

 More specifically, the State asserts that where a defendant has been tried and convicted by a jury of first-degree murder, the issue of whether the proof is evident and the presumption is great has been affirmatively resolved by a jury beyond a reasonable doubt. Therefore, the State maintains, in enacting NRS 178.484(4), the Legislature intended that the courts of this state are without jurisdiction to grant an application for release on bail pending appeal following the applicant’s conviction of first-degree murder. We disagree.
 

 
 *873
 
 In interpreting legislative intent, this court generally looks first to the plain meaning of a statute.
 
 [2]
 
 Where legislative intent can be clearly discerned, it is the duty of this court to construe the provision whenever possible to give effect, rather than to nullify, that intent.
 
 [3]
 
 “Statutes within a scheme and provisions within a statute must be interpreted harmoniously with one another in accordance with the general purpose of those statutes and should not be read to produce unreasonable or absurd results.”
 
 [4]
 
 As a general rule, this court also liberally construes inconsistencies or ambiguities in criminal provisions in the defendant’s favor.
 
 [5]
 

 NRS Chapter 178 is replete with clear and unambiguous references to the discretionary power of the courts to grant bail pending appeal or other review following a conviction. For example, NRS 178.488(1) quite plainly states: “Bail may be allowed pending appeal or certiorari unless it appears the appeal is frivolous or taken for delay.” NRS 178.488(3) further empowers district courts, district judges, this court, and any of the justices of this court to grant bail pending appeal or certiorari. The language of NRS 178.4875(1), which specifies where subsequent proceedings for the forfeiture of any bail pending appeal or other review of a conviction must take place, also illustrates that the Legislature contemplated that an applicant could be granted release on bail pending appeal or other post-conviction review.
 
 [6]
 
 Although NRS 178.4871 and 178.4873 specifically address conditions under which a petitioner pursuing a post-conviction writ of habeas corpus may be released on bail, they also clearly evince a legislative intent to permit bail following a conviction. Reading these provisions together, we discern no legislative intent to deprive the courts of this state of jurisdiction to release a defendant convicted of first-degree murder on bail pending appeal. To the contrary, to adopt the interpretation proposed by the State, would nullify the numerous, unambiguous expressions of legislative intent within the provisions cited above expressly contemplating bail pending appeal.
 

 We also reject the State’s contention that reading the plain language of NRS Chapter 178 to permit bail pending appeal creates a ‘ ‘bizarre incongruity’ ’ by requiring a standard for release on bail after conviction that is “extraordinarily less onerous” than the
 
 *874
 
 standard to be applied before conviction. The State apparently contends that, while bail must be denied prior to trial where the proof of guilt is evident and the presumption is great, the strength of the proof and presumption of guilt may not be considered after conviction in evaluating an applicant’s request for bail pending appeal. Our reading of NRS Chapter 178, however, does not preclude a court empowered to consider a request for bail pending appeal from evaluating the strength and quality of the evidence and other indicia of guilt, as well as the nature and circumstances of the offense, in resolving an application for bail pending appeal.
 

 In our view, such factors are quite properly considered in any evaluation of whether, under NRS 178.488(1), “it appears that the appeal is frivolous or taken for delay,” or of whether the applicant’s release on bail would pose a danger to the community or a risk of flight.
 
 [7]
 
 The mere fact of a conviction does not end the court’s authority to evaluate the quality of the legal and factual underpinnings of a conviction in considering a motion for bail or to give “due weight to the evidence and to the nature and circumstances of the offense.”
 
 [8]
 
 While the evidence in support of the conviction in one case may be overwhelming, in another it may be quite tenuous. As in the instant case, evidence relating to an applicant’s commission of a violent and serious felony and the manner in which it was committed is highly relevant to the danger that might be posed by the applicant’s release. Still in other circumstances, the nature and quality of alleged legal errors at trial may raise serious concerns respecting the validity of a conviction and may weigh heavily in favor granting an application for bail pending review. In sum, we conclude that NRS 178.484(4) does not conflict, but rather can be read in harmony, with NRS 178.488(1), as well as with the other factors relevant to the consideration of a motion for bail pending appeal of a conviction of first-degree murder.
 

 [Headnote 10]
 

 Having concluded that Nevada courts are not statutorily precluded from granting an application for bail pending appeal of a conviction of first-degree murder, we next consider Bergna’s claims that his admission to bail pending appeal is warranted under the standards and procedures governing bail pending appeal as set forth in
 
 In re Austin
 

 [9]
 

 and
 
 Lane
 
 v. State.
 
 [10]
 
 As detailed below, the procedural posture of the instant application, and of other recent
 
 *875
 
 such applications pursued in this court, has prompted us to revisit and revise the standards and procedures articulated in
 
 Austin
 
 and
 
 Lane.
 
 Under these revised standards, we conclude that Bergna has failed to demonstrate that bail pending appeal is warranted under the facts and circumstances of his case.
 

 In
 
 Austin,
 
 this court announced the general rule that has governed our review of applications for bail pending appeal for over three decades:
 

 When presented with an application [for bail pending appeal], neither the court nor any of its justices should conduct a separate fact-finding proceeding. Seldom will the trial transcript or record be available to the court or its members to aid in passing on such a bail application here. Accordingly, we must make our independent judgment on a review of the reasons relied upon by the lower court.
 
 [11]
 

 In
 
 Lane,
 
 we summarized the
 
 Austin
 
 rule as requiring a district court to “set forth its reasons for denying bail in order to enable this court to resolve a subsequent motion for bail pending appeal.”
 
 [12]
 
 We in fact remanded the
 
 Lane
 
 matter to the district court for a hearing and additional findings.
 
 [13]
 

 Lane
 
 and
 
 Austin
 
 also provided guidance on those factors relevant to the district court’s resolution of a motion for bail pending appeal:
 

 Bail pending appeal may be denied if an appellant’s release poses a risk of flight or danger to the community, or if the appeal appears frivolous or taken for delay.
 
 [14]
 

 Austin
 
 quoted with approval the holding in
 
 Weaver v. United States,
 

 [15]
 

 “ ‘If [the judge] views appellant’s release as posing a risk of danger or flight, he should point to those factors
 
 in the record
 
 which foreshadow such a possibility.’ ”
 
 [16]
 

 The district court’s order denying bail in the instant case does not comply with these directives. The order sets forth no specific findings or reasons as to why the district court rejected Bergna’s application. Moreover, the transcript of the bail hearing sheds little light on the district court’s reasoning and reflects only that the district court did not consider Bergna’s appeal to be frivolous. Thus, the record before us does not disclose the district court’s findings as to whether Bergna’s release would pose a risk of flight
 
 *876
 
 or danger to the community. If we were to follow the exacting procedure employed in
 
 Lane,
 
 we might well have remanded the question of bail back to the district court under these circumstances “for the limited purpose of conducting a hearing at which the court shall inquire into whether bail pending appeal should be denied because of a risk of flight or a danger to the community.”
 
 [17]
 
 We conclude, however, that given the realities of present day appellate practice, such a procedure is no longer warranted.
 

 While many of the realities of appellate practice remain the same today as at the time
 
 Austin
 
 and
 
 Lane
 
 were decided, there are distinctions that have contributed to our decision to revisit the standards and procedures established in those decisions. For example, in most criminal cases, much of the record of the proceedings below, including computer-generated transcripts, is available to counsel and this court relatively soon after an appeal is filed. Additionally, since 1996, this court’s rules have not required the district court clerks to engage in the cumbersome process of compiling, indexing, and transmitting records on appeal in most cases; rather, we have placed the burden on counsel for the parties to provide this court with an appropriate appellate appendix.
 
 [18]
 
 Thus, as the instant case illustrates,
 
 [19]
 
 this court need no longer be concerned to the same degree as were the courts in
 
 Austin
 
 and
 
 Lane
 
 with the unavailability of trial or other relevant transcripts or parts of the record to assist the court in reviewing applications for bail pending appeal.
 

 [Headnote 11]
 

 Therefore, to the extent that
 
 Austin
 
 and
 
 Lane
 
 suggest that this court will automatically or mechanically remand a bail matter to the district court for a hearing and more specific findings where the district court fails to specify adequate reasons for its decision, we hereby overrule those decisions.
 
 [20]
 
 Instead, we conclude that the burden shall be on the applicant to provide this court with those parts of the record of the proceedings below that are essential to this court’s thorough understanding of the application.
 
 [21]
 
 In oppos
 
 *877
 
 ing the motion, the State may also provide this court with any additional, appropriate parts of the transcript or record below that support the State’s position.
 

 We do not mean to suggest that a district judge should feel free to ignore the obligation to provide a reasoned and thorough explanation of findings supporting the denial of a motion for bail pending appeal. We encourage the district courts to set forth such findings either in a written order or on the record. The judge who presided over the trial and has heard the evidence presented at trial is in a unique position to evaluate the factors relevant to a request for bail pending appeal, and this court will give great respect to the trial judge’s assessment of those factors based upon his or her knowledge of the evidence, the legal issues, and the applicant. We hold only that this court will not decline to review a motion for bail pending appeal solely because of the absence of specific findings by the trial court if the record before us otherwise provides an adequate basis for this court to independently resolve the matter.
 

 In exercising our independent judgment on such matters, this court will be guided by the factors enumerated in
 
 Austin
 
 and
 
 Lane, i.e.,
 
 whether the appeal is frivolous or taken for delay and whether the applicant’s release may pose a risk of flight or danger to the community. We emphasize that an applicant who has been convicted of a violent, serious offense and who faces a substantial term of imprisonment will shoulder a heavy burden to demonstrate, not only that the appeal is not frivolous, nor taken for delay, but also that his or her release will not pose a risk of flight or danger to the community. As noted in our discussion above of the State’s contention respecting NRS 178.484(4), the nature and quality of the evidence adduced at trial and the circumstances of the offense are highly relevant considerations in evaluating these factors. In addition, as
 
 Austin
 
 explains, evaluation of these concerns may encompass a wide range of information, including the applicant’s prior criminal record, attempted escapes from confinement, community associations, and employment status.
 
 [22]
 

 We disavow
 
 Austin,
 
 however, to the extent that it approves and adopts the procedural ruling of Chief Justice Warren in
 
 Leigh v. United
 
 States
 
 [23]
 
 that bail pending appeal “ ‘is to be denied only in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened
 
 *878
 
 by the applicant’s release.’ ”
 
 [24]
 

 Leigh
 
 interpreted the 1956 version of Federal Rule of Criminal Procedure 46(a)(2). That version of the federal rule is no longer in effect, and the quoted language from
 
 Leigh
 
 has been substantially undermined by subsequent amendments to the rule and by congressional enactments. Federal Rule of Criminal Procedure 46(c) presently provides: “The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal.
 
 The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.
 
 ’ ’ (Emphasis added.) As
 
 Austin
 
 noted, this court is at liberty to follow
 
 Leigh
 
 or interpret the Nevada statutes in any other manner we deem reasonable. In light of the subsequent evolution of the federal law and our perception of the prevailing practice of Nevada courts, we no longer deem the
 
 Leigh
 
 standard to be reasonable.
 

 Applying the standards set forth in this opinion to the instant case, in light of the seriousness of the violent offense of which he was convicted and the life sentence imposed below, we conclude that Bergna has failed to fulfill his heavy burden of demonstrating that his release on bail pending appeal will pose no danger to the community or risk of flight. Although we agree that the appeal is not frivolous, Bergna has failed to sufficiently undermine the quality and strength of the evidence presented at trial that he planned and committed a particularly violent, premeditated murder under circumstances designed to escape detection. Nor has he alleged or established any errors at trial that so erode or undermine the validity of the conviction and sentence that we can confidently conclude that his release on bail poses no danger of further violence or risk of flight. Under these circumstances, having exercised our independent judgment based upon our review of the record provided, we conclude that Bergna has not established that his release on bail is warranted. Accordingly, we deny the motion.
 

 86 Nev. 798, 801, 477 P.2d 873, 875 (1970) (citing
 
 Polito
 
 v.
 
 State,
 
 70 Nev. 525, 275 P.2d 884 (1954);
 
 State
 
 v.
 
 McFarlin,
 
 41 Nev. 105, 167 P. 1011 (1917)).
 

 [2]
 

 Washington
 
 v.
 
 State,
 
 117 Nev. 735, 738-39, 30 P.3d 1134, 1136 (2001).
 

 [3]
 

 See Sheriff v. Luqman,
 
 101 Nev. 149, 155, 697 P.2d 107, 111 (1985).
 

 [4]
 

 Washington,
 
 117 Nev. at 739, 30 P.3d at 1136.
 

 [5]
 

 Id.
 

 [6]
 

 NRS 178.4875(1) provides:
 

 If the court admits a petitioner to bail pending review of his petition or pending appeal, any subsequent proceeding for forfeiture of the bail must take place in the proceeding on the petition.
 

 [7]
 

 See Lane
 
 v.
 
 State,
 
 98 Nev. 458, 652 P.2d 1174 (1982);
 
 In re Austin,
 
 86 Nev. 798, 477 P.2d 873 (1970).
 

 [8]
 

 NRS 178.484(4).
 

 [9]
 

 86 Nev. 798,
 
 477
 
 P.2d 873.
 

 [10]
 

 98 Nev. 458, 652 P.2d 1174.
 

 [11]
 

 86 Nev. at 802, 477 P.2d at 876.
 

 [12]
 

 98 Nev. at 459, 652 P.2d at 1174.
 

 [13]
 

 Id.
 
 at 460, 652 P.2d at 1175.
 

 [14]
 

 Id.
 
 at 459-60, 652 P.2d at 1174-75 (citing
 
 Austin,
 
 86 Nev. at 801-02,
 
 477
 
 P.2d at 875-76; NRS 178.488(1)).
 

 [15]
 

 405 F.2d 353 (D.C. Cir. 1968).
 

 [16]
 

 86 Nev. at 801,
 
 477
 
 P.2d at 875-76 (quoting
 
 Weaver,
 
 405 F.2d at 354).
 

 [17]
 

 98 Nev. at 460, 652 P.2d at 1175.
 

 [18]
 

 See NRAP 10(b);
 
 see also
 
 NRAP 3C (setting forth rules of procedure for fast track criminal appeals).
 

 [19]
 

 Bergna’s motion for bail in this case was filed in this court well after the opening brief and appendix.
 

 [20]
 

 Where the record and circumstances warrant such a remand, however, this court will not hesitate to utilize such a procedure. We also note that a hearing in the court below on a motion for bail will rarely be required. The trial judge, having presided over the proceedings and heard the evidence, will generally be in a position to resolve the motion without conducting a separate hearing.
 

 [21]
 

 Pursuant to NRS 177.145(2), such an application in this court must be upon notice to the opposing party and “shall” show that “[ajpplication has been made [to the district court] and denied, with the reasons given for the denial.”
 

 [22]
 

 86 Nev. at 802, 477 P.2d at 876 (citing
 
 Ex Parte Wheeler,
 
 81 Nev. 495, 500, 406 P.2d 713, 716 (1965)). Additionally, we note that NRS 178.4853 provides a list of similar factors that the court should consider, at a minimum, in deciding whether to release an applicant prior to trial without bail. These factors are nonetheless relevant to the resolution of a motion for bail pending appeal.
 

 [23]
 

 82 S. Ct. 994 (1962).
 

 [24]
 

 86 Nev. at 801, 477 P.2d at 875 (quoting
 
 Leigh,
 
 82 S. Ct. at 996).