IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ROBERT BONETTI,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE;
AND THE HONORABLE KIMBERLY A.
WANKER, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83634

**FILED**

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This petition for a writ of mandamus challenges the district court's decision to reject a guilty plea. Petitioner James Bonetti argues that the district court manifestly abused its discretion in rejecting the plea. We agree.[1]

Bonetti was originally charged with a number of offenses, including several sex offenses carrying life terms. Bonetti accepted the State's offer to plead guilty to two counts of possession of child pornography (first offense) in exchange for dismissing the remaining charges and any charges in an additional case. Pursuant to the agreement's terms, Bonetti was to enter a guilty plea to one count and a no contest plea to the second count, waiving any factual defects relating to both counts being charged as first offenses. *See generally Breault v. State*, 116 Nev. 311, 314, 996 P.2d

---

[1]Bonetti alternatively seeks a writ of prohibition. However, "[a] writ of prohibition . . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration." *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980). As the district court had jurisdiction over Bonetti's criminal case, a writ of prohibition is not available.

22-25196

888, 889 (2000) (recognizing that a defendant may knowingly and voluntarily enter a plea where the sentence violates a statutory provision relating to the minimum term to be served). *But see Righetti v. Eighth Judicial Dist. Court*, 133 Nev. 42, 46, 388 P.3d 643, 647 (2017) (recognizing that a defendant does not have a statutory right "to plead guilty to a lesser-included offense without the State's consent"). Additionally, the superceding plea agreement clarified that Bonetti would be willing to testify against the codefendant. Finally, the State was free to argue at sentencing for any appropriate sentence.

The district court indicated that it was not inclined to accept the plea because the Category A felonies were being dropped in favor of lesser Category B felonies and asked the State to provide information about the reasons for the offer. Multiple hearings on this issue took place, and at the final hearing to discuss the plea offer, the State asserted that the plea offer reflected: (1) the difficulties of trying these types of cases considering fading memories, competing loyalties, and a young victim having to describe what happened; (2) considerations of what is a reasonable resolution in each case and the risks of losing at trial; (3) Bonetti's agreement to testify against the codefendant; and (4) Bonetti's lack of a criminal history. The district court rejected the plea, expressing concern about the seriousness of the original charges and concluding the guilty plea infringed upon the judge's sentencing authority by eliminating the more serious charges and reducing the range of punishment. The district court further indicated that the plea offer was an abuse of prosecutorial discretion because the State did not demonstrate that it was "concerned about the evidence . . . to move forward with the conviction" and did not provide an explanation from the deputy

district attorney who originally extended the offer.[2] Bonetti filed a petition for a writ of mandamus in this court challenging the district court's decision approximately 13 months after the district court rejected the plea agreement.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest or arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and an arbitrary or capricious exercise of discretion is "one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citations and quotation marks omitted). It is within the discretion of this court to determine if a petition for extraordinary relief will be considered. *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982). A writ of mandamus will not issue when there is a plain, speedy and adequate remedy at law. NRS 34.170. This court has recognized that a writ of mandamus is an appropriate way to challenge the district court's refusal to accept a guilty plea. *Sandy v. Fifth Judicial Dist. Court*, 113 Nev. 435, 438, 935 P.2d 1148, 1150 (1997).

The district court argues that the petition is barred by laches because of the unexplained delay in filing the petition and the prejudicial effect to the court's calendar and personnel. While the doctrine of equitable

---

[2]The district court also expressed concern that the defendants were not being treated similarly, but the record before this court indicates that both defendants were given the same plea offer, which the codefendant rejected.

laches applies in original mandamus proceedings, *see State v. Eighth Judicial Dist. Court*, 116 Nev. 127, 135, 994 P.2d 692, 697 (2000), we conclude that application of laches is not warranted in this case. Bonetti's counsel explained the delay was caused by the parties continuing negotiations that would be acceptable to the court and the disruptions caused by the pandemic. Under these circumstances, the 13-month delay was not inexcusable nor an implied waiver or acquiescence to the district court's decision. *See id.* (setting forth three requirements for laches: inexcusable delay, implied waiver, and prejudice to the respondent). Therefore, laches does not bar this petition.[3]

NRS 174.035(1) provides that "[a] defendant may plead not guilty, guilty, guilty but mentally ill or, with the consent of the court, nolo contendere." And while NRS 174.035(1) provides that the court "may refuse to accept a plea of guilty," *see also Sandy*, 113 Nev. at 439, 935 P.2d at 1150, this court has never addressed whether the factors in *Sandy* (set forth below) also guide the district court's consent to a plea of nolo contendere. This issue was not brought up in the district court, and despite being invited to address the issue in these proceedings, neither the district court nor the parties have addressed whether the *Sandy* factors also guide the district court's decision whether to consent to a nolo contendere plea. Because the issue was not raised below, nor addressed by the parties, we do not address the issue and instead focus on the parties' arguments under *Sandy*.

Though a district court has the discretion to refuse to accept a guilty plea, the district court's discretion to reject a guilty plea is not absolute. This court has recognized that the district court may reject a

---

[3]While we are not unsympathetic to the difficulties in staffing and rescheduling trials, we need not reach the issue of prejudice to the respondent in light of our decision regarding the first two factors.

SUPREME COURT
OF
NEVADA

(O) 1947A

guilty plea when one or more of the following factors is present: "(a) fairness to the defense, such as protection against harassment; (b) fairness to the prosecution interest, as in avoiding a disposition that does not serve due and legitimate prosecutorial interests; (c) protection of the sentencing authority reserved to the judge." *Sandy*, 113 Nev. at 439, 935 P.2d at 1150. "[R]ejection of a plea bargain based upon infringement of judicial sentencing authority is inappropriate absent a finding that the prosecutor had no valid prosecutorial interest or other compelling independent consideration for refusing to proceed to trial." *Id.* at 441-42, 935 P.2d at 1151-52. If the district court rejects a plea agreement, it must provide a reasoned explanation for the rejection and specifically identify the particular factor supporting its decision. *Id.* at 439-40, 935 P.2d at 1150.

Here, the district court stated that it was rejecting the guilty plea because it infringed on the district court's sentencing authority by eliminating the most serious charges and reducing the potential range of punishment. But this court specifically rejected this reasoning in *Sandy*, holding that "a trial judge may not reject a plea bargain solely on the grounds that the plea prevents the judge from sentencing as harshly as he or she would like." *Id.* at 441, 935 P.2d at 1151. Recognizing that plea bargains often result in a reduction of charges, and consequently, the range of punishment available, this court concluded that "[a]llowing trial judges to reject a plea bargain for infringing upon judicial sentencing authority because the original indictment charged the defendant with a more serious offense affords judges too much discretion to inhibit the role of the prosecutor" in violation of the separation of powers. *Id.* In this case, the district court did not find, nor does the record indicate, that the State did not have valid prosecutorial reasons for offering the plea bargain in this case. The fact that the State did not identify evidentiary issues in proving the original charges is not dispositive of whether there was a valid

SUPREME COURT
OF
NEVADA

(O) 1947A

5

prosecutorial reason for the plea offer. *Id.* ("[C]ourts do not know the relative strengths of any individual cases or charges, which charges are best initiated at which time, and the most efficient allocation of prosecutorial resources."). Thus, we conclude that the district court arbitrarily and capriciously exercised its discretion in rejecting Bonetti's guilty plea. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to accept the guilty plea.[4]

_____, C.J.
Parraguirre

_____, J.                    _____, Sr.J.
Silver                                          Gibbons

cc:     Hon. Kimberly A. Wanker, District Judge
        Boskovich Law Group, PLLC
        Attorney General/Carson City
        Nye County District Attorney
        Nye County Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.