BOLIN, Judge.
Louis Lyons, in his official capacity as Judge of the City Court of Bossier City with territorial jurisdiction of Ward Two of Bossier Parish, Louisiana, seeks by mandamus proceedings to compel the Bossier Parish Police Jury to pay its pro rata portion of the amount necessary to. increase the monthly salaries of the clerk and deputy clerks of the court. From a judgment sustaining an exception of no cause or right of action plaintiff appeals. We reverse the judgment and remand the case for further proceedings.
Plaintiff alleges in his petition that the salaries of the clerk of court and two deputy clerks were fixed many years ago to be
paid one-half by the Police Jury and one-half by the City of Bossier City and that the monthly salary of the clerk was set at $200 and deputy clerks at $175 each. These salaries were established and paid pursuant to La.R.S. 13:1888. Plaintiff further alleges that he requested the defendant on three occasions to increase the salary of the clerk to $287.50 and the deputy clerks to $237.50; that the Bossier City Council agreed to the raises but defendant has persistently refused.
The petition further sets forth that the judicial branch of our government has the inherent power to determine what funds are reasonably necessary for the efficient operation of the courts, and to require the legislative and executive branches to furnish the necessary funds for the operation of the courts; that unless the wages are increased the court will experience the loss of trained personnel which will make it impossible to efficiently operate the court.
The function of a writ of mandamus is to provide a legal means to compel the performance of certain duties or acts. The right to have a writ of mandamus directed to public officers is set forth in Louisiana Code of Civil Procedure Article 3863:
“A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.”
An official revision comment under this article provides:
(b) The following rules established by the jurisprudence are retained:
“Mandamus will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. It may *840 be used only to compel the performance of purely ministerial duties. . . . ”
State of Louisiana ex rel. Hayes v. Louisiana State Board of Barber Examiners, 208 So.2d 369 (La.App. 1st Cir. 1968), certiorari denied 252 La. 169, 210 So.2d 53 (1968) held a writ of mandamus would not lie to compel the performance of a discretionary duty even if there had been an abuse of that discretion. This holding was reaffirmed in State ex rel. Citizens Finance Company of Hammond, Inc. v. James, 213 So.2d 64 (La.App. 1st Cir. 1968).
Under the Code of Civil Procedure article and the cases heretofore cited, the question is whether plaintiff is seeking to compel defendant to perform a ministerial or a discretionary duty. In this connection we think the following provision of La.R. S. 13:1888 applicable to city courts is pertinent:
“The salary of the clerks and of the deputy clerks, if any, may be fixed and paid in equal proportions by the respective governing authorities of the city and parish where the court is located; or it may be fixed and paid by either of them, or in such proportions as they may determine; except that the salary payable to the clerk shall not be less than $150 per month where the population of the territorial jurisdiction of the court is less than 10,000 and not less than $250 per month where the population of the territorial jurisdiction of the court is 10,000 or more; and except that the salary payable to the deputy clerk shall in no case be less than $150 per month.”
 In passing upon an exception of no cause of action it is axiomatic that all well-pleaded facts must be accepted as true. Therefore, under the provisions of the cited statute the clerk of court is receiving less than the minimum salary provided by law. In an area where the population of the territorial jurisdiction of the court is 10,000 or more, the minimum salary provided for the clerk is $250 per month. According to the United States census report of 1970, of which we take judicial notice, the population of Bossier City alone exceeds 10,000. Failure to pay the clerk the minimum amount set forth in the statute is a breach of a ministerial duty for which mandamus will lie to compel performance of that duty.
 We shall next consider the question of whether the petition sets forth grounds for relief beyond the statute under the allegations relative to the inherent power of the court to compel defendant to provide the necessary expenses to efficiently operate the court. Under the traditional concept of separation of authority among the three branches of government, the judiciary undoubtedly has inherent power to compel other branches of the government to perform certain acts in exceptional circumstances. However, mandamus is an extraordinary remedy and must be used sparingly. The cited provision of the Code of Civil Procedure has specifically set forth the conditions under which the writ may be used. We hold whatever inherent power is vested in the judiciary may not be exercised in direct contravention of this article of the Code of Civil Procedure.
For the reasons assigned the judgment sustaining the exception of no cause or right of action is annulled and set aside and it is now ordered the case be remanded to the lower court for further proceedings pursuant to law and consistent with the views herein expressed. All costs are to await the final termination of the cause.