LLEWELLYN A. YOUNG, District Judge of the Sixth Judicial District Court of the State of Nevada, Petitioner, *v.* THE BOARD OF COUNTY COMMISSIONERS OF PERSHING COUNTY, NEVADA, and DANIEL MILICH, CHARLES CARPENTER and ARTHUR JOHNSON, Constituting the Members of Said Board, Respondents.

No. 7727

January 29, 1975                    530 P.2d 1203

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* of Las Vegas, for Petitioner.

*Robert List,* Attorney General, Carson City; *Donald F. Klasic,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

By the Court, BATJER, J.:

This original proceeding was commenced by the Honorable Llewellyn A. Young, district judge, hereinafter referred to as "petitioner," who seeks a mandate to compel the Board of County Commissioners of Pershing County, Nevada, hereinafter referred to as the "board" or "respondents," to accede to certain budgetary requests for the budget year 1974.

This court appointed the Honorable Noel E. Manoukian, district judge, special master to hear and resolve factual disputes; however, by stipulation prior to a hearing, the parties resolved all disputed matters.

Respondents reduced petitioner's budgetary requests for: (a) the probation officer's salary, from $750.00 to $712.00 per month; (b) office equipment for the probation department from $750.00 for the budgetary year to $318.00; (c) the salary of a part-time secretary, from $400.00 to $236.00 per month; and (d) additions to the law library, from $7,000.00 to $5,000.00 for the budgetary year.

It was stipulated that (1) respondents suffer no budgetary shortage or financial problems which would render them unable to meet petitioner's request; (2) the budgetary requests by petitioner were necessary for the effective administration of his

court; (3) the parties have each acted reasonably in carrying out the responsibilities of office.

1. By virtue of his position as district judge, and pursuant to the authorization of NRS 62.110(1), petitioner appointed a juvenile probation officer. When he set the salary of that officer at $750.00 per month, the board refused to approve that salary and recommended a lower one, basing their action on the "consent" requirement of NRS 62.110(3).[1] Since both parties have stipulated to the reasonableness of their respective actions, the first issue to be determined on appeal is whether the "consent" requirement of NRS 62.110(3) extends to a board of county commissioners the power to veto the reasonable budgetary requests of a district judge. It does not.

Article 6, § 6 of the Nevada Constitution grants to the district courts original jurisdiction in all cases in equity. The juvenile statutes are a codification of the ancient equitable jurisdiction over infants under the doctrine of *parens patriae*. People v. Leonard, 112 N.E.2d 697 (Ill. 1953). Pursuant to legislative enactment of the Juvenile Court Act, NRS Chapter 62, the district courts are specifically empowered to administer juvenile justice. Juvenile probation services were made a part of the duties assumed by the district courts under NRS Chapter 62. The district judge enjoys the power to choose the probation committee for the county, which in turn advises him in his choice of probation officers. NRS 62.100 and NRS 62.110. The judge supervises, and the probation committee advises the probation officers in their work, including their financial and clerical work. NRS 62.120.

NRS 62.120(3) provides: "Every effort shall be made by the various counties throughout the state to provide sufficient personnel for the probation department to uphold the concept of separation of powers in the court process." This statute is a clear expression by the legislature of its intent that the district courts enjoy preeminent authority over juvenile probation services.

We reject respondents' contention that the word "consent" found in NRS 62.110 is a delegation of discretionary legislative

---

[1] NRS 62.110(3): "The salaries of the probation officers, detention home personnel and other employees shall be fixed by the judge with the advice of the probation committee and consent of the board or boards of county commissioners."

appropriation power to the board of county commissioners.[2] Reviewing statutory language substantially similar to NRS 62.110(3), the Texas Court of Civil Appeals refused to find a veto power in the board. Disposing of an issue on appeal identical to the one before us, the Texas court reasoned that the "consent" requirement meant only that the judge should consult with the commissioners to be apprised factually of the financial status of the county. Commissioner's Court of Lubbock County v. Martin, 471 S.W.2d 100 (1971). A similar result was reached in In Re Salaries For Probation Officers Of Bergen Co., 278 A.2d 417 (N.J. 1971).

The "consent" function of a board of commissioners under NRS 62.110 is limited to determining whether, in light of the current fiscal status of the county, the salary request of a district judge is unreasonable or arbitrary. Had the commissioners so found and predicated refusal to "consent" on that basis, and had the district judge seen fit to challenge their determination, then this court would have been constrained to undertake final resolution of that fundamentally factual issue. Here, however, there is a stipulation of reasonableness, and therefore mandamus clearly must issue to compel approval by the board of the petitioner's request for a probation officer's salary.

2.  Along with the salary request, petitioner asks this court to compel, through mandamus, the board's compliance with his budgetary requests regarding office equipment for the probation officer, a part-time secretary for the court, and additions to the court's law library. Each of these requests was reduced by the board, upon its review, and it directed the treasurer of Pershing County not to honor any vouchers for such submitted by petitioner.

Although there is no explicit statutory authorization for a

---

[2]Respondents bolster their position with the theory that, since NRS 354.588 gives county commissioners the right to prepare and fix a budget for county officers and agencies, the "consent" of the board under NRS 62.110 must be a part of that budgetary function.

But nowhere in NRS 354.470 to NRS 354.626, the section on local government budgets, is there a reference to the Juvenile Court Act. NRS 354.588, by its terms applies only to the governing bodies, officers and employees of every local government. NRS 354.536 defines "governing body" as "the board . . . in which the general legislative and fiscal powers of the local government are vested." The entire section deals only with the local legislative function, not the judicial.

district court's budgetary requests, we believe that such authority flows from the inherent power of the court. In State Ex Rel. Kitzmeyer v. Davis, 26 Nev. 373, 68 P. 689 (1902), this court recognized inherent power, and in part depended upon it, when it mandated the state controller to pay for the court's furnishings over the objection of the Board of Capitol Commissioners. Relying on a statute which gave that board control over appropriations for the furnishing of state buildings, it claimed absolute control over expenditures requested by this court. After construing the statute as granting less than absolute control to the board, the court then vindicated its expenditures on the theory of inherent power. "To assume that the legislature did confer any such absolute power upon the board is to assume that the legislature possesses unlimited power of legislation in that matter—that it could by hostile legislation destroy the judicial department of the government of this state." Id at 379.

Respondents argue that petitioner's budgetary requests are a ministerial function derived from the basic legislative power of appropriation and rely on Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237 (1967), to challenge the inherent power theory as violative of separation of powers. Although in *Galloway* this court did hold that judicial powers cannot include a power or function that is derived from the basic legislative or executive powers, it went on to make it clear that in the area of ministerial functions of each branch of government there frequently occurs an overlapping which can be entirely valid if it can logically trace its function back to the basic source of power.

If budgetary requests are reasonable and necessary to carry out a district court's powers and duties in the administration of justice, they are within its inherent powers. See Commonwealth Ex Rel. Carroll v. Tate, 274 A.2d 193 (Pa. 1971); Judges For Third Judicial Cir. v. County of Wayne, 172 N.W.2d 436 (Mich. 1969); Smith v. Miller, 384 P.2d 738 (Colo. 1963); and Noble County Council v. State, 125 N.E.2d 709 (Ind. 1955).

Respondents' assertion that mandamus will not lie to compel an officer or board to perform a discretionary act is correct, but it is not apposite to this case. Mandamus is appropriate to compel an act which the law especially enjoins as a duty of office. NRS 34.160. When the petitioner's budgetary requests were stipulated as being reasonable, the board's consent became a duty.

Petitioner was required to retain counsel and there are no budgetary funds available for him to meet the costs of this suit. The special master found that petitioner was entitled to reasonable attorneys fees of $1,800.00 plus costs. Respondents registered no objection to this award, and we hereby approve and order it.

It is ordered that a writ of mandate issue to compel the Board of County Commissioners of Pershing County, Nevada, to approve petitioner's budgetary requests for the year 1974.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.