## NAT ADLER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9744

October 5, 1977                      569 P.2d 403

*Harry E. Claiborne* and *Annette R. Quintana,* Las Vegas, for Appellant.

*Robert R. List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Elliott Sattler,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, applicant Nat Adler was found guilty

of the felony offense of attempting to obtain money under false pretenses (NRS 205.380; NRS 208.070), resulting in his being sentenced to imprisonment in the Nevada State Prison for a period of three years. The sentence was suspended, and Adler was placed on probation for "an indeterminate period of time not to exceed five years." Applicant now moves this Court for a stay of judgment pursuant to NRAP 8(a)[1] and NRS 177.095 *et seq., infra.*

In his "Petition for Stay," Adler specifies two issues for our determination: (a) lack of substantial evidence to support the conviction and (b) it was error for the trial judge to refuse to instruct the jury with respect to the applicant's reliance on the advice of counsel. He maintains that if either issue is determined in the affirmative, he is entitled to the stay. *Compare,* State v. McFarlin, 41 Nev. 105, 167 P. 1011 (1917). For the reasons hereinafter expressed, we do not reach these issues.

Adler's intent to retain his public office represents the basic thrust of his application. Applicant contends that a failure to grant a stay in this matter would "precipitate defendant's loss of the office to which he was elected." He bases his argument on the theory that a stay in the criminal proceedings affects not only the sentence but the underlying judgment. He further suggests that "[t]here are no limitations whatever on the authority of . . . the Court to grant a stay." We disagree with both contentions.

Our discretion to grant stays in criminal proceedings is governed by statute, and those cases in which we may exercise

---

[1]NRAP 8(a) provides as follows: Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the Supreme Court or to a justice thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant. Reasonable notice of the motion shall be given to all parties. The motion shall be filed with the clerk and normally will be considered by the court or a quorum thereof but in exceptional cases where such procedure would be impracticable due to the requirements of time, the application may be made to and considered by a single justice of the court.

*any* discretion at all are limited. NRAP 8(c) provides that stays (without specifying stays of judgment) be had in accordance with the provisions of NRS 177.095 *et seq.* The relevant sections provide as follows: NRS 177.095—a sentence of death shall be stayed on appeal; NRS 177.105—a sentence of imprisonment shall be stayed on appeal if the defendant is admitted to bail; NRS 177.115—a sentence to pay a fine may be stayed on appeal; and NRS 177.125—an order placing a defendant on probation may be stayed on appeal. There is an absence of any other statute regarding stays in criminal proceedings. *Compare,* State v. Perry, 516 P.2d 1104 (Wash.App. 1973).

Here, applicant is without recourse, since even in the above specified circumstances, designated by statute, a stay in a criminal proceeding can affect only the execution of the sentence and not the underlying judgment.

Finally, applicant contends that the action taken by the Clark County Clerk and the Board of Commissioners in declaring his office vacant prior to final appellate review was improper. This issue is not properly before this Court, Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969), and is not ripe for our determination.

Applicant has failed to demonstrate to us that he is entitled to any relief incidental to his "Petition for Stay."

The application for stay of judgment and sentence pending appeal is denied.

GUNDERSON, J., dissenting:

In support of his motion, appellant has urged that his appeal is not frivolous, but highly substantial, clearly presenting issues of probable merit. Therefore, appellant argues, this court should stay the effect of the judgment against him pending appeal, so that ouster from his public office will not occur prior to our final ruling on the appeal's merit, thereby effectively depriving him of the benefits of our determination. In my view, this court should address the issues presented.

I cannot accept the proposition, for which my brethren cite absolutely no authority, that this court may enter a stay only in instances expressly authorized by our Legislature. From this legally unsupported declaration of judicial impotence, it would seem to follow that, if the Legislature saw fit, it might divest this court's power to grant any stay, merely by deleting mention of such interlocutory remedies from our criminal code entirely. I disagree.

By the Nevada Constitution, this court has power to issue all writs and orders necessary or proper to the complete exercise of its appellate jurisdiction. Nev. Const. art. 6, § 4. In my view, this constitutional authority is not dependent upon the Legislature delineating the writs and orders which, from time to time, will appear "necessary or proper" to the effective exercise of our appellate function. Indeed, we have recognized, in other contexts, that this court, rather than the Legislature, has the paramount power to regulate the judiciary and judicial proceedings. *See, for example:* Young v. Board of County Comm'rs, 91 Nev. 52, 530 P.2d 1203 (1975); Volpert v. Papagna, 85 Nev. 437, 456 P.2d 848 (1969).