ZANE AZBAREA, Municipal Judge of the City of North Las Vegas, Appellant, v. CITY OF NORTH LAS VEGAS, a Municipal Corporation, Respondent.

No. 10903

February 13, 1979                                      590 P.2d 161

[Rehearing denied March 15, 1979]

*Douglas J. Shoemaker,* and *Greenman & Goldberg,* of Las Vegas, for Appellant.

*George E. Franklin,* City Attorney of North Las Vegas, for Respondent.

110

# OPINION

By the Court, THOMPSON, J.:

By a proceeding in mandamus the Municipal Judge for the City of North Las Vegas, Zane Azbarea, seeks to compel the City to pay court personnel for overtime hours worked, and also to pay an alternate judge for services rendered when Judge Azbarea was either disqualified to sit or was unable to do so because of illness. The district court denied relief and this appeal followed. For reasons hereafter expressed, we reverse.

Initially, we note that the City does not dispute the reasonableness of the claims for compensation, nor the need of the municipal court to have its personnel work overtime in order to handle the court's business with reasonable dispatch. The City simply contends that the Judge lacked power to act as he did.

With respect to overtime compensation for court personnel, the City asserts that the Judge, by requiring such overtime work, violated the Local Government Budget Act, the Local Government Employee-Management Relations Act, and usurped the functions of the city manager. And, with regard to the claim submitted by the alternate judge, the City contends that since the Mayor did not in writing request that judge to sit in place of Judge Azbarea as contemplated by statute, it is not obliged to pay for services admittedly rendered.

It is the position of Judge Azbarea that his court has the inherent power to act as it did in order to perform its mandated responsibilities as a part of the judicial branch of our government.

If the actions of Judge Azbarea were within his inherent power, it is apparent that the contentions of the City with regard to claimed violations of the Local Government Budget Act, the Local Government Employee-Management Relations

Act, and intrusion upon the authority of the city manager, are without substance.[1]

1. Judicial power is the authority to hear and determine justiciable controversies and includes within its scope the inherent or incidental authority to do that which is reasonably necessary to exercise the power conferred. Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237 (1967). Heretofore, we have ruled that reasonable budgetary requests of a district judge must be paid by the Board of County Commissioners. Young v. Board of County Commr's, 91 Nev. 52, 530 P.2d 1203 (1975). The case at hand is controlled by Young in so far as payment to court personnel for overtime hours worked is concerned.

2. NRS 266.575 provides, among other things, that when a municipal court judge is disqualified any justice of the peace of the county, on the written request of the Mayor, shall act in his place. Justice of the Peace Marley Robinson acted on several occasions for Judge Azbarea when he was either disqualified or ill. The Mayor did not, in writing, request Judge Robinson to act. However, the record discloses that the Mayor orally authorized Judge Azbarea to assign Judge Robinson to sit in his place. Consequently, the purposes of the statute were met. A written request from the Mayor, had there been one, would have added nothing of substance. We are surprised that the City would endeavor to avoid paying Judge Robinson for her services rendered at the oral authorization of the Mayor, and deny out-of-hand its attempt to do so.

3. It is suggested that Judge Azbarea is not a real party in interest within the intendment of NRCP 17(a) since he is endeavoring to compel payment of compensation to others than himself. The interest of Judge Azbarea is clear. It is that of discharging the responsibilities of his court. Accordingly, he is a real party in interest possessing the capacity to commence this proceeding. Smith v. Miller, 384 P.2d 738, 742 (Colo. 1963). By necessary implication we so ruled in Young, supra.

We, therefore, reverse the order entered below and remand with direction to (1) issue a writ of mandate compelling the City of North Las Vegas to pay court personnel for overtime hours worked as requested, and also to pay the claims of alternate Judge Marley Robinson; (2) award Azbarea his costs

---

[1]The assertion by the City that since its Municipal Court was not constitutionally created it does not enjoy the inherent powers which constitutionally created courts possess, was forcefully rejected by our opinion in City of No. Las Vegas v. Daines, 92 Nev. 292, 550 P.2d 399 (1976).

incurred in the district court, and to evaluate his claim for counsel fees. Young, supra.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.