440 So.2d 1374 (1983)
CITY COURT OF BREAUX BRIDGE, Plaintiff-Appellant,
v.
TOWN OF BREAUX BRIDGE, Defendant-Appellee.
No. 83-326.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 27, 1984.
Durrett, Hardin, Hunter, Dameron & Fritchie, Ben W. Lightfoot, Baton Rouge, W. Glenn Soileau, Breaux Bridge, for plaintiff-appellant.
McHugh & Guidry, Edmond Guidry, St. Martinville, for defendant-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
By this suit the City Court of Breaux Bridge seeks to compel the Town of Breaux Bridge to pay certain expenses of the court including postage, printing of forms, telephone expenses, and the upkeep of the library.
*1375 The case arose through the filing of an application for writ of mandamus by the judge of the City Court addressed to the district court for the district in which the City Court is located. The district court ruled adversely to the city court and dismissed the application. The City Court appealed the dismissal. We reverse.
The Town takes the position, and the trial court so found, that its obligation to the City Court is limited by LSA-R.S. 13:2488.76 which provides:
"The expenses of operation and maintenance of the courtroom and offices shall be paid by the town of Breaux Bridge."
The trial court held that the expenses referred to in LSA-R.S. 13:2488.76 are confined to those necessary for the physical operation and maintenance of the City Court, not its operation as a court. Such expenses, according to the trial court, would encompass utilities, cleaning, painting, repairs, and upkeep.
The trial court also found, as contended by the Town, that the expenses sought by the City Court in this suit were provided for in LSA-R.S. 13:2488.78 which states:
"A. In all criminal matters, including traffic violation cases, the city judge may assess, in addition to the fine or other penalty imposed, costs of court in an amount not to exceed eight dollars.
"B. The proceeds derived from these costs shall be deposited in a special account which shall be subject to audit and shall be used for the operational expenses of the court, including but without limitation, the use from time to time for the costs of operating the court and for the employment by the judge of secretaries, accountants, stenographers, filing clerks, bookkeepers, reporters and other court employees, and for the purchase of stationery, books, office supplies and such other equipment, all as may be useful or necessary for the proper conduct of the court's judicial business, and all as may be approved by the court. In addition, the proceeds derived from such costs in excess of that necessary for the proper conduct of the court's business may, with approval of the judge, be paid in equal proportions into the treasury of the town of Breaux Bridge and into the treasury of the parish of St. Martin."
The trial court noted that its ruling put the City Court in an awkward position as it now had to find more criminal defendants guilty in order to pay its expenses. The trial court suggested that relief be sought from the legislature.
On appeal the City Court contends (1) that the Town's obligations to pay City Court expenses are not limited to LSA-R.S. 13:2488.76 but rest upon principles flowing from constitutional separation of powers, and (2) in the alternative, that the expenses provided in LSA-R.S. 13:2488.76 are not limited as found by the trial court.
We do not found our decision on the statutory authority considered and interpreted by the trial court. Rather we think the power of the City Court to require that all its necessary expenses of operating the court be provided by the legislative body of the Town lies in the inherent power of the City Court. A separate panel of this Court of Appeal has considered this same question relative to a district court of this state and the police jury of the parish which the district court serves. In W.T. McCain, Judge of the Thirty-Fifth Judicial District Court v. Grant Parish Police Jury, et al, 440 So.2d 1369 (La.App. 3rd Cir.1983), a panel of Judges Domengeaux, Guidry and Cutrer, in an opinion authored by Judge Cutrer, has held that "we ... find that courts have the inherent power to compel the guardians of the public fisc ... to budget adequate funds for the operations of the court to insure that the proper independence among our three co-equal branches of government be maintained."
The members of this panel have considered, as a general proposition, the inherent *1376 power of courts of law to compel a branch of the same political body as the court serves which is responsible for funding the operations of that political body, to fund the judicial functions and operation of the courts. We arrive at the same conclusions which are expressed in the McCain case and adopt those conclusions as our own for purposes of this case.
We do not regard the statutes referred to above as constituting a limitation or negation of the inherent power possessed by the City Court of Breaux Bridge. The provisions of those statutes simply lay down certain specific directions to the Town and authorize the assessment of court costs and the use of funds derived from such assessment.
The remainder of this opinion will be addressed to the remaining issue raised by the Town. That issue is the contention by the Town that, regardless of inherent power, the City Court of Breaux Bridge in particular is not a court which enjoys such power.
The Breaux Bridge City Court is not one which is expressly established by the Louisiana Constitution. The City Court was established by the legislature pursuant to its authority in the Louisiana Constitution of 1921, Art. VII, sec. 51. The City Court was retained in Art. V, sec. 15 of the 1974 Constitution. Under the new Constitution, the legislature may no longer establish city courts, but has the authority to abolish those in existence.
The Town argues that because the City Court is "statutory" it does not have the inherent power accorded "constitutional" courts, i.e., those expressly provided for in the Constitution. We reject this argument. Art. VII, sec. 1 of the Constitution provides:
"The judicial power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this Article."
The Breaux Bridge City Court is one authorized by Article VII of the Constitution; therefore, it is vested with the same inherent power as courts directly and specifically established by the Constitution. We note that at least one other state has taken this same position. In City of North Las Vegas v. Daines, 92 Nev. 292, 550 P.2d 399 (1976), the Nevada Supreme Court stated:
"It is, of course, true that our Constitution does not itself establish municipal courts. (Citations and footnotes omitted.) It authorizes the Legislature to do so. However, once municipal courts are established, they exist as a coequal branch of local government within the judicial department of this state, * * *, and a part of the constitutional judicial system of this state, * * *."
This position was reaffirmed by the Nevada Supreme Court in Azbarea v. City of North Las Vegas, 95 Nev. 109, 590 P.2d 161 (1979). We find, as did the Nevada court, that city courts are a part of the constitutional judicial system and, as long as they exist, are vested with the same inherent power as courts specifically mentioned in the Constitution.
The evidence regarding expenses of the City Court was admitted without objection. No claim is made that the expenses sought are not reasonable and necessary to the operation of the court, and it appears to us that the requested expenses are for the very basic services and supplies necessary to the operation of the court. Demand for payment of these expenses does not appear to be an abuse of the inherent power of the City Court.
For the above reasons, the judgment of the trial court is reversed.
IT IS NOW ORDERED, ADJUDGED AND DECREED that a writ of mandamus issue herein ordering the Town of Breaux Bridge, defendant, through its duly elected representatives constituting the governing authority of the Town of Breaux Bridge, to pay all reasonable unpaid expenses for the operation of the City Court of Breaux *1377 Bridge to include, although not by way of limitation, expenses for postage and mailing, printing of necessary forms, telephone costs, and upkeep and maintenance of the law library of the City Court of Breaux Bridge and other reasonable operating expenses germane to the operation of that court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the effect of this order shall extend only to any net balance of expenses owed by the City Court of Breaux Bridge over and above any payments thereon which may have been paid by the City Court of Breaux Bridge itself.
All costs of court in this matter including the costs of this appeal are to be paid by the Town of Breaux Bridge.
REVERSED AND RENDERED; WRIT OF MANDAMUS ORDERED.