Dear Mr. LaCroix:
This office is in receipt of your opinion request of recent date concerning your duties as Rayne City Court Marshal. Specifically you ask us the following:
 1. What powers and duties does the Marshal have, and is he required to serve traffic subpoenas if the court has stated that he is responsible to serve only civil matters?
According to LSA-R.S. 13:1881A:
 "The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff."
Your statutory requirements are to execute all of the orders and mandates of the court, in your case the Rayne City Court. The statute makes no other requirements, so presumably if the Rayne City Court has authorized you to serve only civil subpoenas, then that is all you are required to serve.
 2. What types of papers is a marshal required to serve?
In answering the foregoing inquiry, LSA-R.S. 13:1892 is helpful. The statute provides:
 "Service of all writs and processes in civil or criminal cases issuing from the city court shall be made by the marshal. . . . It shall be the duty of these officers to execute all such writs and processes which are placed in their hands for service by the direction of the court."
This statute specifically requires the marshal of a city court to execute the writs and processes in civil or criminal cases when the court has placed them with the marshal for service. This article is limited to the service of orders of the city court. A marshal may be required to serve other items if the conditions ofLA C.C.P. Art. 332 are satisfied. Article 332 provides,
 "When authorized to do so by a sheriff, a . . . marshal of a city court, within the territorial jurisdiction of his court, may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute."
Under this article, a marshal may be required to serve one of the other types of process mentioned, provided it is within his territorial jurisdiction, which in your case would be the jurisdictional limits of the Rayne City Court. You may serve anyone within this area any process that a sheriff could also serve, provided that the sheriff of Acadia parish has authorized you or your office to do so.
 3. Is the city responsible for providing an office and a secretary for the marshal?
A city is required by law to provide an office for a city court marshal. LSA-R.S. 13:1889 provides, "The city where the court is situated shall furnish a suitable city court room and suitable offices for the judge, clerk, and marshal." There is no specific provision in the law that requires the city to provide a secretary for a city marshal; however, we are of the opinion that suitable offices would be inclusive of all necessary equipment and personnel.
 4. Is the marshal responsible for collecting all the fines that come through the court even if he has a deputy clerk collecting fines in his absence?
If a marshal chooses to appoint a deputy clerk, he becomes responsible for the deputy's action. As mentioned in response to your first inquiry, the general duty of a city marshal is to execute the orders and mandates of the city court he represents. Without some pronouncement of the court that you are the only person authorized to collect the fines, there should be no problem in using your deputy marshal to collect fines for you. However, if you choose to use this practice, LSA-R.S.13:1881B states, " The marshal shall appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions." You should therefore be advised the deputy performs the marshal's duties as proscribed by law.
 5. Is the city administration mandated to provide vehicles and uniforms for the use of the city marshal?
LSA-R.S. 33:361 addresses the municipal powers of a Lawrason Act municipality. It provides, in pertinent part, as follows:
 ". . . . A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law."
A municipality is vested with the responsibility of managing the affairs of the municipality which includes the management and control of municipal property. We can find no provision which mandates a municipality to provide or furnish the police department with vehicles or a certain number of vehicles. Likewise, there is no specific provision which mandates a municipality to provide the necessary maintenance services for said vehicles. The municipality is, however, responsible for managing the affairs of the community, including management and maintenance of municipal property. Therefore, while the municipality, in exercising its power to manage its affairs, has the authority to provide vehicles for use by the police department, and should do so to enable the department to adequately perform its duties, it is not a specific requirement imposed by law. See Attorney General Opinion 87-682.
 6. If the marshal attends a workshop or convention, should the expense for this be funded by the city administration?
In response to this inquiry, there is nothing in the statutes on marshals or city courts that mandates a city administration to fund expenses for its employees. You may wish to consult with your local government to see if any local rule provides funds for workshops or conventions attended by a city employee in furtherance of the employee's duties or training.
 7. Is there a pay scale for mileage if a marshal is currently using his personal vehicle?
In response to the preceding inquiry, LSA-R.S.33:1704A, which sets up a schedule of fees for marshals, provides, "(16) For each mile or fraction thereof actually and necessarily traveled in going to and returning from the service or any process or court, twenty-one cents." These fees would apply when you use your personal vehicle to serve process or go to court.
Enclosed you will find a copy of the list of fees a marshal may charge. There may be a few additions or changes in it since the schedule of July 18, 1988 that you mention in your request. Also, note that LSA-R.S. 13:2488.78 provides:
§ 2488.78. Criminal matters; costs
 A. In all criminal matters, including traffic violation cases, the city judge may assess, in addition to the fine or other penalty imposed, costs of court in an amount not to exceed forty dollars.
 B. The proceeds derived from these costs shall be deposited in a special account which shall be subject to audit and shall be used for the operational expenses of the court, including but without limitation, the use from time to time for the costs of operating the court and for the employment by the judge of secretaries, accountants, stenographers, filing clerks, bookkeepers, reporters, and other court employees, and for the purchase of stationery, books, office supplies, and such other equipment, all as may be useful or necessary for the proper conduct of the court's judicial business, and all as may be approved by the court. In addition, the proceeds derived from such costs in excess of that necessary for the proper conduct of the court's business may, with approval of the judge, be paid in equal proportions into the treasury of the town of Breaux Bridge and into the parish treasury of the St. Martin Parish police jury general fund. See also City Court of Breaux Bridge vs Town of Breaux Bridge, 440 So.2d 1374
(La.App. 3rd Cir. 1983).
If this office can be of any further assistance to you in the future, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Enc.
Date Received:
Date Released: May 31, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL