Dear Mr. Garrett:
We requote the substance of your inquiry as follows:
 1) Would the Pineville City Marshal or the Pineville City Court ever have authority or jurisdiction within the municipal limits of the Town of Ball, and
 2) May the Town of Ball or its residents be held responsible for funding the Pineville City Court or the office of Pineville City Marshal?
 ISSUE I
LSA-R.S. 13:1951 and 13:1951.1 governing the territorial jurisdiction of city courts in general and specifically in regard to the Pineville City Court provide as follows:
§ 1951. Courts created pursuant to general statutory authority.
 Municipal and city courts theretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this Section, are hereby recognized and continued in existence. Except as otherwise provided by law, their territorial jurisdiction shall extend through the city and ward or wards wherein the city of their domicile is located, as extended from time to time.
* * * * *
§ 1951.1 Pineville City Court; additional jurisdiction
 In addition to all other jurisdiction now vested in the Pineville City Court, said court shall have territorial jurisdiction over juvenile and civil matters of Ward Eleven of Rapides Parish.
The Town of Ball is partially located within Ward 10 of Rapides Parish. The city court of Pineville is given jurisdiction throughout Ward Eleven of Rapides Parish by virtue of LSA-R.S.13:1951.1 quoted above. Absent the existence of a mayor's court in the Town of Ball, the city court of Pineville would have exclusive criminal and civil jurisdiction therein, to the territorial extent that the Town of Ball falls within Ward Eleven.
However, the Town of Ball does maintain a mayor's court for the disposition of municipal ordinance violations under LSA-R.S.33:441(A), providing:
 Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provision of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
All municipalities incorporated under the provisions of the Lawrason Act, LSA-R.S. 33:321, et seq., are empowered to operate a mayor's court with jurisdiction over municipal ordinance violations. The mayor's court of the Town of Ball and the Pineville City Court would have concurrent jurisdiction for disposition of all violations of municipal ordinances as considered in LSA-R.S. 33:441(A) quoted above.
There are certain caveats to the foregoing. A mayor's court and its magistrate lack juvenile jurisdiction, based upon the following authority.
Louisiana Constitution Article V, Section 18 provides:
 Notwithstanding any contrary provision of Section 16 of this article, juvenile and family courts shall have jurisdiction as provided by law.
Pursuant to the above constitutional provision, the Louisiana Children's Code regulates the procedure in all juvenile proceedings and provides in Article 302:
Juvenile jurisdiction shall be exercised as follows:
 (1) Special juvenile courts or family courts, created by law for Caddo, Orleans, Jefferson and East Baton Rouge parishes, shall have exclusive original juvenile jurisdiction, and any other jurisdiction conferred by the statute creating them, in the parish or parishes for which they are created. Judges of these courts shall exercise their juvenile jurisdiction according to the provisions of this Code.
 (2) District courts, except where a separate juvenile or family court with exclusive original juvenile jurisdiction is established by law, shall have original juvenile jurisdiction for the parish or parishes within their district.
 (3) Parish courts, except where a separate juvenile or family court with exclusive original juvenile jurisdiction is established by law, shall have original juvenile jurisdiction for their territorial jurisdiction. This jurisdiction shall be concurrent with that of the district court.
 (4) City courts, except where a separate juvenile court with exclusive original juvenile jurisdiction is established by law, shall have original juvenile jurisdiction for their territorial jurisdiction. This jurisdiction shall be concurrent with that of the district court. (Emphasis added).
A mayor's court has no jurisdiction over DWI prosecutions. Under LSA-R.S. 13:1894.1(B), mayor's courts have been divested of authority to dispense with such cases. This statute provides, in pertinent part:
 (B) . . . . However, mayor's courts shall have no jurisdiction whatsoever over violations as provided for by R.S. 14:98, nor to the trial of offenses against municipal ordinances relative to prosecutions on charges of driving while intoxicated.
Mayor's courts remain without authority to hear prosecutions for driving while intoxicated, regardless of whether the defendant is charged under state statute or local ordinance. Accordingly, the Pineville City Court would be the appropriate venue in which to institute such a prosecution, vis-a-vis the mayor's court.
To summarize our response to your first question, resolution of DWI and juvenile matters occurring within that portion of the Town of Ball falling within Ward 10 of Rapides Parish would come within the jurisdiction of the City Court of Pineville and are outside the authority of the mayor's court of the Town of Ball. Note further that the City Court of Pineville is also the court of first authority with regard to those matters which generally come within the civil jurisdiction of city courts as set forth in LSA-R.S. 13:1891 and the Code of Civil Procedure Arts. 4841,et seq., specifically defining the subject matter jurisdiction of the city courts. The mayor's court of the Town of Ball and the Pineville City Court exercise concurrent jurisdiction for disposition of all violations of municipal ordinances as considered in LSA-R.S. 33:441(A).
Finally, note also that LSA-R.S. 13:1892 provides:
§ 1892. Service of process and other writs
 Service of all writs and processes in civil or criminal cases issuing from the city court shall be made by the marshal or by any sheriff or deputy sheriff where they respectively exercise their authority, or by any police officer of the city or town where the service is to be made. It shall be the duty of these officers to execute all such writs and processes which are placed in their hands for service by the direction of the court.
The marshal of a city court is authorized to serve the papers of the city court throughout his jurisdiction, which in this matter includes that portion of the Town of Ball falling within Ward 10 of Rapides Parish.
ISSUE II
We find no statutory authority charging the Town of Ball with responsibility for funding the Pineville City Court or the Pineville City Marshall's office. Rather, the assessment and disposition of costs collected by the city courts are so designated in LSA-R.S. 13:1898 and LSA-R.S. 13:1899. The former statute provides all funds collected "shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish . . . . when the prosecution is on behalf of the state or parish." The latter statute provides pertinently that these costs shall be deposited in a special account "used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge" and also authorizes an assessment in criminal matters to be deposited in a special account that will be in the name and control of the marshal. The statute further specifies that a special account "shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for the proper conduct of the marshal's or constable's offices, for maintenance and improvement of jail facilities, or for purchase of law enforcement equipment, and all as may be approved by said marshal or constable."
LSA-R.S. 13:2095.1 further allows the City Court of Pineville to collect from each person filing any civil suit or proceeding "a non-refundable fee not to exceed ten dollars" which shall be deposited in the court general fund "to supplement the operations expenses of the court."
Fines and court costs imposed by the mayor's court pursuant to LSA-R.S. 33:441(A) shall be paid into the town's treasury. See Attorney General Opinion 97-118.
Finally, note that the jurisprudence recognizes the right of a court to a writ of mandamus, compelling the City and Police Jury to find those expenses necessary for a City Court to exercise its judicial function. See City Court of Breaux Bridge v. Townof Breaux Bridge, 440 So.2d 1374 (La.App. 3rd Cir. 1983).
We hope the foregoing is helpful to you. If this office can be of further assistance, please so advise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date received:
Date released: November 17, 1997
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL