# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-415

**PINEVILLE CITY COURT, ET AL.**

**VERSUS**

**CITY OF PINEVILLE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 270,281
HONORABLE DAVID MICHAEL WILLIAMS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**REVERSED AND REMANDED.**

Michael D. Hebert
James P. Doherty, III
Brandon M. Rhoces
Becker & Hebert, LLC
201 Rue Beauregard
Lafayette, Louisiana 70508
(337) 233-1987
**COUNSEL FOR PLAINTIFFS-APPELLANTS**:
Pineville City Court and Honorable Judge Gary K. Hays in his capacity as
Judge of the Pineville City Court

Mark F. Vilar
Aaron L. Green
Elizabeth E. Williams
Vilar & Green, LLC
P. O. Box 12730
Alexandria, Louisiana 71315-2730
(318) 442-9533
**COUNSEL FOR DEFENDANTS-APPELLEES**:
City of Pineville, and Clarence R. Fields, in his capacity
as Mayor for the City of Pineville

**PERRY, Judge.**

The Pineville City Court ("the Court") and the Honorable Gary K. Hays ("Judge Hays"), in his capacity as Judge of the Pineville City Court, (collectively "the Plaintiffs") appeal the trial court's dismissal of their petition for writ of mandamus on a peremptory exception of no cause of action. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In their Petition for Writ of Mandamus,[1] the Plaintiffs named the city of Pineville ("the City") and its mayor, Clarence R. Fields ("Mayor Fields") (collectively "the Defendants"), as defendants. They contend that they have inherent authority to require sufficient funding for the reasonable and necessary expenses needed for the Court to perform its duties.

In particular, the Plaintiffs alleged that the Court has three clerks, and their salaries along with related benefits and taxes constitute reasonable and necessary expenses that the City is mandated to pay. The Plaintiffs further alleged that although they are not legally obliged to do so, they have customarily reimbursed the City for 40% of the salaried expenses of the three clerks. Notwithstanding, because of a change in the Court's financial status, the Plaintiffs notified the City it could no longer continue this customary reimbursement.

Thereafter, the Plaintiffs further alleged that the City notified the Plaintiffs on January 9, 2021, that it would reduce its payments to the clerks by 40%, cease providing payroll and human resource services to the Court, would pay only 60% of the three clerks' retirement contributions to the Municipal Employees' Retirement

---

[1] The peremptory exception of no cause of action is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *City of New Orleans v. Board of Commissioners,* 93–0690 (La.7/5/94), 640 So.2d 237; La.Code Civ.P. art. 931.

System, and discontinue the three clerks' participation in the City's Blue Cross health plan. In conclusion, the Plaintiffs sought the issuance of a peremptory writ of mandamus, directing the Defendants to pay the reasonable and necessary expenses of the Court, specifically to pay 100% of the clerks' salary expenses and benefits associated with their employment.

In response to the Plaintiffs' petition for writ of mandamus, the Defendants filed a dilatory exception of vagueness and a peremptory exception of no cause of action. At the heart of their argument, the Defendants rely upon La.R.S. 13:1888(A), which provides:

> The salary of the clerks and of the deputy clerks, if any, may be fixed and paid in equal proportions by the respective governing authorities of the city and parish where the court is located; or it may be fixed and paid by either of them, or in such proportions as they may determine; except that the salary payable to the clerk shall not be less than $150 per month where the population of the territorial jurisdiction of the court is less than 10,000 and not less than $250 per month where the population of the territorial jurisdiction of the court is 10,000 or more; and except that the salary payable to the deputy clerk shall in no case be less than $150 per month.

Highlighting that they have not refused to pay the salary of the clerks and that the Plaintiffs have not alleged otherwise, the Defendants framed the question before the court as follows:

> Whether the City Court has a cause of action for a writ of mandamus simply because the City Court disagrees with the **amount** of salary established and paid by the City where the amount paid is . . . higher [2] than the statutory minimum mandated by Revised Statutes 13:1888.

Without addressing the dilatory exception of vagueness, the trial court granted the peremptory exception of no cause of action, stating, in part:

---

[2] Even though the Plaintiffs' petition does not specify the salaries of the various clerks, they do outline the Defendants' decision to lower those salaries and retirement contributions by 40% and to discontinue the clerks' participation in the City's health plan. Nevertheless, they have not contended that the reduced salaries are less than that outlined in La.R.S. 13:1888(A). However, we have not included the Defendants' statement of the comparative assessment of the clerks' salaries to that in La.R.S. 13:1888(A) because there is nothing in their dilatory and peremptory pleading to support such quantification.

2

The mandamus . . . is an extraordinary remedy and is used only sparingly to compel performance of a ministerial duty that is clearly defined and required by law. This Court is of the opinion that an amount . . . specified as being reasonable and necessary for two clerks or for any employee of the city court is not clearly defined . . . and, because of that, this Court is going to grant . . . the defendants' exception of no cause of action . . . . I don't think that there's [a] way it can be cured because I believe that the mandamus is not the proper vehicle to deal with the insufficiency of whether or not it's reasonable and necessary.

The Plaintiffs appealed, specifying two assignments of error: (1) the district court erred in granting the City's exception of no cause of action; and, alternatively, (2) the district court abused its discretion by denying the City Court and Judge Hays the right to amend their petition to state a cause of action.

## LAW AND DISCUSSION

In *Fink v. Bryant*, 01-0987, pp. 3-4 (La. 11/28/01), 801 So.2d 346, 348-49, the supreme court stated:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission,* 94–2015 (La.11/30/94), 646 So.2d 885. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South,* 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LA.CODE CIV. PROC. ANN. art. 931. . . . In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *City of New Orleans* [*v. Board of Comm'rs,* 93-0690 (La. 7/5/94)], 640 So.2d [237,] 253. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Haskins v. Clary,* 346 So.2d 193 (La.1977).

To address the peremptory exception of no cause of action now before us, our analysis begins with reference to procedural articles relative to the writ of mandamus and applicable caselaw. Louisiana Code of Civil Procedure Article 2592(6) provides

3

that mandamus is among the list of exclusive matters which may make use of summary proceedings. "Mandamus is a writ directing a public officer, a corporation or an officer thereof, or a limited liability company or a member or manager thereof, to perform any of the duties set forth in Articles 3863 and 3864." La.Code Civ.P. art 3861. "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor." La.Code Civ.P. art 3863. "A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024. Moreover, the duty "is one in which nothing is left to discretion." *Id.* at 1023.

The Defendants first contend that they fix the salary of the Court clerks, and, relying on *Lyons v. Bossier Parish Police Jury*, 262 So.2d 838 (La.App. 2 Cir. 1972), argue that any salary amount paid by them above the minimum mandated in La.R.S. 13:1888(A) is at their discretion and not amenable to a writ of mandamus. Thus, they argue that because they have always paid clerk salaries more than the minimum specified in La.R.S. 13:1888(A), the Plaintiffs have failed to state a cause of action for a writ of mandamus. For reasons that follow, we disagree.

From the outset, we find that the Defendants' reliance on *Lyons*, 262 So.2d 838, is misplaced. In *Lyons*, the judge of the City Court of Bossier City filed a writ of mandamus to compel the Bossier Parish Police Jury to pay its proportionate portion of the amount necessary to increase the clerks' monthly salaries. Although the appellate court granted mandamus relief, it premised its ruling on the undisputed fact that the clerks of the Bossier City Court were paid less than the statutory minimum set forth in La.R.S. 13:1888, the statute mandated the funding, and no

4

recourse to the inherent powers' doctrine was necessary.[3]  Thus, we find *Lyons*

should be limited to those facts—facts not present in the case now before us.

Moreover, the Defendants fail to properly read La.R.S. 13:1888.  That statute

specifically states, "that the salary payable to the clerk *shall not be less than* $150

per month where the population of the territorial jurisdiction of the court is less than

10,000 and *not less than* $250 per month where the population of the territorial

jurisdiction of the court is 10,000 or more[.]"  La.R.S. 13:1888 (emphasis added).

As such, La.R.S. 13:1888 establishes a mandatory minimum amount to be paid to

the clerk.  Understanding La.R.S. 13:1888 in this manner not only gives meaning to

the statute, but further recognizes that clerk salaries above that sum may be

reasonable and necessary, according to the circumstances presented, and subject to

the reasonable and necessary criteria essential to the utilization of the inherent

powers' doctrine.

Next, we take exception to the Defendants' contention that it is they who set

the Court clerks' salaries.  The Court is one of a class of courts retained by La.Const.

art. 5, §§ 1 and 15(A).  Louisiana Constitution Article 5, § 1 states, "The judicial

power is vested in a supreme court, courts of appeal, district courts, and other courts

authorized by this Article."  And La.Const. art. 5, § 15(A) further provides, "The

district, family, juvenile, parish, city, and magistrate courts existing on the effective

date of this constitution are retained."  The Pineville City Court is just such a court.

In *McCain v. Grant Parish Police Jury*, 440 So.2d 1369, 1373 (La.App. 3 Cir.

1983), we stated, "Clearly, the courts of this state are established by our constitution

. . . and have a right to exist."  To that end, the judicial branch possesses the inherent

---

[3]  Notwithstanding, we observe that *Lyons*, 262 So.2d at 840, stated, "Under the traditional concept of separation of authority among the three branches of government, the judiciary undoubtedly has inherent power to compel other branches of the government to perform certain acts in exceptional circumstances."

5

power to compel reasonable and necessary appropriations to serve the public as the state constitution mandates. *Id.*; *City Court of Breaux Bridge v. Town of Breaux Bridge*, 440 So.2d 1374 (La.App. 3 Cir. 1983), *writ denied*, 444 So.2d 1219 (La.1984); *Plaisance v. Davis*, 03-767 (La.App. 1 Cir. 11/7/03), 868 So.2d 711, *writ denied*, 03-3362 (La. 2/13/14), 867 So.2d 699; *in accord*, *State in the Interest of Johnson*, 475 So.2d 340, 341 (La.1985) (acknowledging that "[t]he separation of powers by our state constitution establishes an inherent judicial power which the legislative and executive branches cannot abridge.") As such, Judge Hays is charged as the administrator of the court with the duty of insuring that the Court provides service to the public as the state constitution mandates. Associated with that duty is the Court's responsibility to require the Defendants, the local legislative branch obliged to provide funding, to reasonably finance the Court. Therefore, it is the Court who is obliged to propose to the Defendants a sufficient sum for the funding of its clerks, essential components of that office, and to demonstrate that such a sum is reasonable and necessary.

In their petition, the Plaintiffs state that should the City cease to provide payroll or human resource services, or if the City fails to fund the 40% of the clerks' salaries or 40% of the clerks' retirement contributions—sums that had been reimbursed by the Plaintiffs—or if the City removes the clerks from its health insurance plan, "the Court will have no choice but to provide these services and benefits at its expense, which is a reasonable and necessary expense of the Court that the City has a mandatory duty to pay."

In *McCain*, 440 So.2d 369, this court found a writ of mandamus was the only available avenue of relief for a court to compel a governmental entity, fiscally responsible for the court's continued existence, to budget adequate funds for the court to serve the public in conformity with its constitutional mandate to pay

6

reasonable and necessary expenses for the Court to exist. Clearly, the Plaintiffs' petition for the issuance of a writ of mandamus has stated a cause of action for the payment of these reasonable and necessary expenses. For the foregoing reasons, we find the trial court legally erred when it granted the Defendants' peremptory exception of no cause of action.

Lastly, we observe that it is the contention of the Plaintiffs that the clerks' salaries and associated benefits as they existed before the City's proposed action were reasonable and necessary expenses. As stated above, the determination of the reasonableness and necessity of those for trial, and, as the petitioner in this litigation, it is a burden the Plaintiffs must carry.

## DISPOSITION

For the reasons assigned, the judgment of the trial, dismissing the Plaintiffs' petition for writ of mandamus on a peremptory exception of no cause of action, is reversed and set aside. This matter is remanded to the trial court for trial on the merits. Costs of this appeal are to be assessed at the termination of the cause.

**REVERSED AND REMANDED**.